IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVID TECHNOLOGY, INC.,<br><br>　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>HARMONIC INC.,<br><br>　　　　　　　*Defendant*. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff Avid Technology, Inc., by its attorneys and for its complaint, alleges and states as follows:

### **THE PARTIES**

1. Plaintiff Avid Technology, Inc. ("Avid") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 75 Network Drive, Burlington, Massachusetts 01803.

2. On information and belief, defendant Harmonic Inc. ("Harmonic") is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 4300 North First Street, San Jose, CA 95134.

### **NATURE OF THE ACTION AND JURISDICTION**

3. This action arises under the patent statutes, 35 U.S.C. § 101 *et seq.*, in particular 35 U.S.C. § 271.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. This Court has personal jurisdiction over Harmonic at least because Harmonic is a Delaware corporation.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1400(b).

**THE PATENTS-IN-SUIT**

7.      U.S. Patent No. 6,760,808 ("the '808 patent"), entitled "Computer System and Process for Transferring Multiple High Bandwidth Streams of Data Between Multiple Storage Units and Multiple Applications in a Scalable and Reliable Manner," was duly and legally issued on July 6, 2004.  A true and correct copy of the '808 patent is attached as Exhibit A.

8.      Avid is the owner by assignment of the '808 patent.

9.      U.S. Patent No. 7,487,309 ("the '309 patent"), entitled "Computer System and Process for Transferring Multiple High Bandwidth Streams of Data Between Multiple Storage Units and Multiple Applications in a Scalable and Reliable Manner," was duly and legally issued on February 3, 2009.  A true and correct copy of the '309 patent is attached as Exhibit B.

10.     Avid is the owner by assignment of the '309 patent.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,760,808**

11.     Avid repeats the allegations contained in paragraphs 1-10.

12.     Harmonic has been and now is directly infringing the '808 patent pursuant to 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the product identified as "Omneon MediaGrid."

13.     Harmonic is liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271(a).

14.     On information and belief, Harmonic has been and now is indirectly infringing the '808 patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '808 patent by providing and/or selling the product identified above in the United States to customers and/or users of that product.

2

15.     On information and belief, Harmonic is liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271(c).

16.     Harmonic's infringement of the '808 patent has been and continues to be willful.

17.     Avid has been damaged by the infringement of the '808 patent by Harmonic.

18.     Because of Harmonic's infringing acts, Harmonic is liable to Avid for damages, including Avid's lost profits on sales of its products, price erosion, and/or a reasonable royalty for Harmonic's unauthorized use of the inventions claimed in the '808 patent.

19.     The infringement of the '808 patent by Harmonic has caused and will continue to cause irreparable harm to Avid, for which Avid has no adequate remedy at law, unless Harmonic is permanently enjoined from further infringement.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,487,309

20.     Avid repeats the allegations contained in paragraphs 1-10.

21.     Harmonic has been and now is directly infringing the '309 patent pursuant to 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the product identified as "Omneon MediaGrid."

22.     Harmonic is liable for infringement of the '309 patent pursuant to 35 U.S.C. § 271(a).

23.     On information and belief, Harmonic has been and now is indirectly infringing the '309 patent pursuant to 35 U.S.C. § 271(b) and/or (c) by intentionally inducing infringement and/or contributing to the infringement of the '309 patent by providing and/or selling in the United States the product identified above to customers and/or users of that product.

24.     On information and belief, Harmonic is liable for infringement of the '309 patent pursuant to 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c).

25. Harmonic's infringement of the '309 patent has been and continues to be willful.

26. Avid has been damaged by the infringement of the '309 patent by Harmonic.

27. Because of Harmonic's infringing acts, Harmonic is liable to Avid for damages, including Avid's lost profits on sales of its products, price erosion, and/or a reasonable royalty for Harmonic's unauthorized use of the inventions claimed in the '309 patent.

28. The infringement of the '309 patent by Harmonic has caused and will continue to cause irreparable harm to Avid, for which Avid has no adequate remedy at law, unless Harmonic is permanently enjoined from further infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Avid Technology, Inc. requests that this Court enter an order:

1. adjudging Defendant Harmonic Inc. to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 6,760,808;

2. adjudging Defendant Harmonic Inc. to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 7,487,309;

3. adjudging Defendant Harmonic Inc.'s infringement to have been willful;

4. awarding Plaintiff damages adequate to compensate for Harmonic Inc.'s infringement in the form of Avid's lost profits, including damages due to price erosion, and/or a reasonable royalty under 35 U.S.C. § 284, or some combination thereof, in an amount to be determined at trial;

5. finding this action to be an exceptional case under 35 U.S.C. § 285;

6. awarding Plaintiff its reasonable attorney fees under 35 U.S.C. § 285;

7. awarding Plaintiff pre-judgment and post-judgment interest;

8. permanently enjoining Defendant Harmonic Inc. and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them from further infringement of U.S. Patent Nos. 6,760,808 and 7,487,309; and

9. awarding Plaintiff such other and further relief as this Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff Avid Technology, Inc. demands a trial by jury on all issues so triable. Avid Technology, Inc. does not consent to a verdict by less than six jurors in this matter.

/s/      John W. Shaw

John W. Shaw (No. 3362)
Shaw LLC
800 Delaware Avenue, 4th Floor
Wilmington, DE  19801
(302) 559-9623
jshaw@shawllp.com

John M. Hintz (*pro hac vice pending*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100
jhintz@chadbourne.com

**COUNSEL FOR PLAINTIFF**
**AVID TECHNOLOGY, INC.**

Dated:  October 28, 2011