**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVID TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 11-1040-GMS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HARMONIC INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT HARMONIC INC.'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Harmonic Inc. ("Harmonic") hereby answers Plaintiff Avid Technology, Inc.'s

("Avid") Complaint for Patent Infringement and Demand for Jury Trial ("Complaint"), on

personal knowledge as to its own activities and on information and belief as to the activities of

others, as follows:

**THE PARTIES**

1. Harmonic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them.

2. Harmonic admits the allegations contained in paragraph 2 of the Complaint.

**NATURE OF THE ACTION AND JURISDICTION**

3. Harmonic admits that the Complaint purports to state a cause of action arising

under the patent laws of the United States, Title 35 of the United States Code.

4. Harmonic admits that this Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331 and 1338(a).

5. Harmonic admits that this Court has personal jurisdiction over it.

6. Harmonic admits that venue is proper in this judicial district under 28 U.S.C.

§§ 1391(b) and 1400(b).

**THE PATENTS-IN-SUIT**

7.      Harmonic admits that Exhibit A purports to be a copy of U.S. Patent No. 6,760,808 ("the '808 patent") entitled "Computer System and Process for Transferring Multiple High Bandwidth Streams of Data Between Multiple Storage Units and Multiple Applications in a Scalable and Reliable Manner."  Harmonic admits the face of the '808 patent shows an issue date of July 6, 2004.  Harmonic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint, and on that basis denies them.

8.      Harmonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9.      Harmonic admits that Exhibit B purports to be a copy of U.S. Patent No. 7,487,309 ("the '309 patent") entitled "Computer System and Process for Transferring Multiple High Bandwidth Streams of Data Between Multiple Storage Units and Multiple Applications in a Scalable and Reliable Manner."  Harmonic admits the face of the '309 patent shows an issue date of February 3, 2009.  Harmonic lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and on that basis denies them.

10.     Harmonic lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies them.

**ANSWER TO COUNT I:**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,760,808**

11.     Harmonic incorporates and realleges paragraphs 1-10 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 11 of the Complaint.

12. Harmonic denies the allegations contained in paragraph 12 of the Complaint.

13. Harmonic denies the allegations contained in paragraph 13 of the Complaint.

14. Harmonic denies the allegations contained in paragraph 14 of the Complaint.

15. Harmonic denies the allegations contained in paragraph 15 of the Complaint.

16. Harmonic denies the allegations contained in paragraph 16 of the Complaint.

17. Harmonic denies the allegations contained in paragraph 17 of the Complaint.

18. Harmonic denies the allegations contained in paragraph 18 of the Complaint.

19. Harmonic denies the allegations contained in paragraph 19 of the Complaint.

**ANSWER TO COUNT II:**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,487,309**

20. Harmonic incorporates and realleges paragraphs 1-10 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 20 of the Complaint.

21. Harmonic denies the allegations contained in paragraph 21 of the Complaint.

22. Harmonic denies the allegations contained in paragraph 22 of the Complaint.

23. Harmonic denies the allegations contained in paragraph 23 of the Complaint.

24. Harmonic denies the allegations contained in paragraph 24 of the Complaint.

25. Harmonic denies the allegations contained in paragraph 25 of the Complaint.

26. Harmonic denies the allegations contained in paragraph 26 of the Complaint.

27. Harmonic denies the allegations contained in paragraph 27 of the Complaint.

28. Harmonic denies the allegations contained in paragraph 28 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

29. Harmonic denies any and all allegations contained in the remainder of the Complaint and denies that Avid is entitled to any of the relief requested in paragraphs 1 through

9 of its prayer for relief or to any other relief in any form whatsoever. Harmonic further denies each and every allegation contained in the Complaint to which it has not specifically responded.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

30. Harmonic admits that Avid purports to have requested a jury trial of this action.

## DEFENSES

## FIRST DEFENSE

31. Harmonic is informed and believes, and thereon alleges, that Avid has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

32. Harmonic has not and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '808 or '309 patents.

## THIRD DEFENSE

33. The claims of the '808 or '309 patents are invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 251, and/or 252.

## FOURTH DEFENSE

34. By reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants or on their behalf, Avid is estopped from construing the claims of the '808 or '309 patents to cover and/or include any acts of Harmonic.

## FIFTH DEFENSE

35. Harmonic is informed and believes, and thereon alleges that Avid's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287.

-4-

36.     Harmonic is informed and believes, and thereon alleges, that Avid may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH DEFENSE

37.     Avid's claims are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

## SEVENTH DEFENSE

38.     Avid is not entitled to injunctive relief because any alleged injury to Avid is not immediate and/or irreparable, and Avid already has an adequate remedy at law.

## RESERVATION OF ADDITIONAL DEFENSES

39.     Harmonic reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant Harmonic Inc. ("Harmonic") hereby alleges for its Counterclaim against Plaintiff Avid Technology, Inc. ("Avid") on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## THE PARTIES

1.     Counterclaimant Harmonic is a Delaware corporation, with its principal place of business at 4300 North First Street, San Jose, CA 95134.

2.     On information and belief, Counterdefendant Avid is a Delaware corporation having a principal place of business at 75 Network Drive, Burlington, Massachusetts 01803.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over Avid because, among other things, it has consented to jurisdiction by filing its Complaint, and because Avid alleges in paragraph 1 of its Complaint that it is a Delaware corporation.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**FIRST COUNTERCLAIM FOR RELIEF:**
**DECLARATION OF NONINFRINGEMENT REGARDING U.S. PATENT NO. 6,760,808**

6. Harmonic realleges and incorporates by reference the allegations of paragraphs 1-5 of the Counterclaim as though fully set forth herein.

7. This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of U.S. Patent No. 6,760,808 patent ("the '808 patent").

8. Avid alleges that Harmonic has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '808 patent, that such alleged infringement has thereby damaged Avid and, unless enjoined, will continue to damage Avid.

9. Harmonic has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '808 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

10. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Harmonic and Avid as to whether Harmonic has infringed or infringes any valid and enforceable claim of the '808 patent.

11.     Harmonic requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 7-10 of the Counterclaim above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**SECOND COUNTERCLAIM FOR RELIEF:**
**DECLARATION OF INVALIDITY REGARDING U.S. PATENT NO. 6,760,808**

12.     Harmonic realleges and incorporates by reference the allegations of paragraphs 1-11 of the Counterclaim as though fully set forth herein.

13.     This is an action for declaratory judgment of invalidity and unenforceability of any and all claims of the '808 patent.

14.     The '808 patent, and each claim thereof, is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

15.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Harmonic and Avid as to whether there exists any valid and enforceable claim of the '808 patent.

16.     Harmonic requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 13-15 of the Counterclaim above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**THIRD COUNTERCLAIM FOR RELIEF:**
**DECLARATION OF NONINFRINGEMENT REGARDING U.S. PATENT NO. 7,487,309**

17.     Harmonic realleges and incorporates by reference the allegations of paragraphs 1-16 of the Counterclaim as though fully set forth herein.

18. This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of U.S. Patent No. 7,487,309 ("the '309 patent").

19. Avid alleges that Harmonic has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '309 patent, that such alleged infringement has thereby damaged Avid and, unless enjoined, will continue to damage Avid.

20. Harmonic has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '309 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

21. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Harmonic and Avid as to whether Harmonic has infringed or infringes any valid and enforceable claim of the '309 patent.

22. Harmonic requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 18-21 of the Counterclaim above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### FOURTH COUNTERCLAIM FOR RELIEF:
### DECLARATION OF INVALIDITY REGARDING U.S. PATENT NO. 7,487,309

23. Harmonic realleges and incorporates by reference the allegations of paragraphs 1-22 of the Counterclaim as though fully set forth herein.

24. This is an action for a declaratory judgment of invalidity and unenforceability of any and all claims of the '309 patent.

25. The '309 patent, and each claim thereof, is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

26. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Harmonic and Avid as to whether there exists any valid and enforceable claim of the '309 patent.

27. Harmonic requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 24-26 of the Counterclaim above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**FIFTH COUNTERCLAIM FOR RELIEF:**
**INFRINGEMENT OF U.S. PATENT NO. 6,574,225**

28. Harmonic realleges and incorporates by reference the allegations of paragraphs 1-27 of the Counterclaim as though fully set forth herein.

29. Harmonic is the assignee of United States Patent No. 6,574,225 ("the '225 patent"), entitled "Clock Recovery in a Packet-Based Data Network," which was duly and legally issued by the United States Patent and Trademark Office on June 3, 2003. A true and correct copy of the '225 patent is attached as Exhibit 1.

30. Harmonic is informed and believes, and thereon alleges, that Avid has infringed and is continuing to infringe one or more claims of the '225 patent by making, using, offering for sale, and/or selling at least the products identified as "Avid Interplay" within the United States in violation of 35 U.S.C. § 271 (a).

31. On information and belief, Avid has also contributed to the infringement of one or more claims of the '225 patent and/or actively induced others to infringe one or more claims of

the '225 patent, in this district and elsewhere in the United States, in violation of 35 U.S.C. §§ 271 (b),(c).

32. Harmonic has and will continue to suffer damages as a result of Avid's infringement of the '225 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

33. Avid continues to infringe the '225 patent and, unless enjoined by this Court, will continue to infringe the '225 patent, and Harmonic has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Harmonic is entitled injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## SIXTH COUNTERCLAIM FOR RELIEF:
## INFRINGEMENT OF U.S. PATENT NO. 6,665,675

34. Harmonic realleges and incorporates by reference the allegations of paragraphs 1-33 of the Counterclaim as though fully set forth herein.

35. Harmonic is the assignee of United States Patent No. 6,665,675 ("the '675 patent"), entitled "Shared File System Having a Token-Ring Style Protocol for Managing Meta-Data," which was duly and legally issued by the United States Patent and Trademark Office on December 16, 2003. A true and correct copy of the '675 patent is attached as Exhibit 2.

36. Harmonic is informed and believes, and thereon alleges, that Avid has infringed and is continuing to infringe one or more claims of the '675 patent by making, using, offering for sale, and/or selling at least the products identified as the "Avid ISIS 7000" and "Avid ISIS 5000" within the United States in violation of 35 U.S.C. § 271 (a).

37. On information and belief, Avid has also contributed to the infringement of one or more claims of the '675 patent and/or actively induced others to infringe one or more claims of

the '675 patent, in this district and elsewhere in the United States, in violation of 35 U.S.C. §§ 271 (b),(c).

38. Harmonic has and will continue to suffer damages as a result of Avid's infringement of the '675 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

39. Avid continues to infringe the '675 patent and, unless enjoined by this Court, will continue to infringe the '675 patent, and Harmonic has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Harmonic is entitled injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

**DEMAND FOR JURY TRIAL**

40. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Harmonic demands a trial by jury of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Harmonic prays that this Court:

(a) Dismiss Avid's Complaint against Harmonic with prejudice;

(b) Hold that Avid is not entitled to any relief, whether in law or equity or otherwise, from its suit against Harmonic;

(c) Declare that Harmonic has not infringed and does not infringe any claim of the '808 patent;

(d) Declare that the claims of the '808 patent are invalid and unenforceable;

(e) Declare that Harmonic has not infringed and does not infringe any claim of the '309 patent;

(f) Declare that the claims of the '309 patent are invalid and unenforceable;

-11-

(g) Permanently enjoin Avid, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '808 patent or '309 patent against Harmonic or any parents, affiliates, or subsidiaries of Harmonic or their respective officers, agents, employees, successors, and assigns;

(h) Declare that the claims of the '225 patent are valid and enforceable;

(i) Declare that Avid has infringed one or more claims of the '225 patent;

(j) Declare that the claims of the '675 patent are valid and enforceable;

(k) Declare that Avid has infringed one or more claims of the '675 patent;

(l) Permanently enjoin Avid and its officers, agents, representatives, distributors, wholesalers, retailers, licensees, servants, employees, attorneys, successors, assigns, parent or subsidiary corporations, and affiliates, and all persons acting in active concert or participation with it, from infringing, inducing others to infringe, or contributing to the infringement of the '225 patent and the '675 patent;

(m) Award Harmonic damages in an amount adequate to compensate Harmonic for Avid's acts of infringement, together with interest thereon, in an amount to be proven at trial, in accordance with 35 U.S.C. § 284;

(n) Find that this case is exceptional and award Harmonic its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

(o) Award Harmonic any other relief, in law and in equity, to which the Court finds Harmonic is justly entitled.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James C. Yoon
Stefani E. Shanberg
Robin L. Brewer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California  94304-1050
Tel:  (650) 565-3645

Dated:  December 2, 2011
1037628 / 38568

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com

*Attorneys for Defendant and Counterclaimaint
Harmonic Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, David E. Moore, hereby certify that on December 2, 2011, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on December 2, 2011, the attached document was Electronically

Mailed to the following person(s):

| | |
|---|---|
| John W. Shaw | David Howard Evans |
| Karen E. Keller | Chadbourne & Parke LLP |
| Shaw Keller LLP | 1200 New Hampshire Avenue, NW |
| 800 Delaware Avenue, 4th Floor | Washington, DC  20036 |
| Wilmington, DE 19801 | devans@chadbourne.com |
| jshaw@shawkeller.com | |
| kkeller@shawkeller.com | |
| | |
| John M. Hintz | |
| Chadbourne & Parke LLP | |
| 30 Rockefeller Plaza | |
| New York, NY  10112 | |
| jhintz@chadbourne.com | |

By:     */s/ David E. Moore*
David E. Moore
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
dmoore@potteranderson.com