IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1040-GMS |
| | ) | |
| HARMONIC INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF AVID TECHNOLOGY, INC.'S ANSWER
TO DEFENDANT HARMONIC INC.'S COUNTERCLAIMS
AND COUNTERCLAIMS TO HARMONIC'S COUNTERCLAIMS**

Plaintiff Avid Technology, Inc. ("Avid") answers the averments contained in "Defendant Harmonic Inc.'s Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement," using the same headings and numbering scheme contained therein, as follows.

**THE PARTIES**

1. Admitted.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

5. Admitted.

**FIRST COUNTERCLAIM FOR RELIEF:
DECLARATION OF NONINFRINGEMENT REGARDING U.S. PATENT NO. 6,760,808**

6. Avid realleges and incorporates by reference its responses to paragraphs 1-5 above.

7. Avid admits that Defendant Harmonic Inc. ("Harmonic") filed a "First Counterclaim for Relief" seeking a declaratory judgment of "noninfringement of any and all valid and enforceable claims of U.S. Patent No. 6,760,808 patent ('the '808 patent')."

8. Admitted.

9. Denied.

10. Admitted.

11. Avid admits that through its First Counterclaim, Harmonic is requesting a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 7-10 of the First Counterclaim. Avid admits that a determination and declaration are necessary and appropriate at this time either through Avid's Complaint or Harmonic's First Counterclaim so that the parties may ascertain their respective rights and duties in this regard.

**SECOND COUNTERCLAIM FOR RELIEF:
DECLARATION OF INVALIDITY REGARDING U.S. PATENT NO. 6,760,808**

12. Avid realleges and incorporates by reference its responses to paragraphs 1-11 above.

13. Avid admits that Harmonic filed a "Second Counterclaim for Relief" seeking a declaratory judgment of "invalidity and unenforceability of any and all claims of the '808 patent."

14. Denied.

15. Admitted.

16. Avid admits that through its Second Counterclaim, Harmonic is requesting a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 13-15 of the Second Counterclaim. Avid admits that a

determination and declaration are necessary and appropriate at this time either through Avid's Complaint or Harmonic's Second Counterclaim so that the parties may ascertain their respective rights and duties in this regard.

**THIRD COUNTERCLAIM FOR RELIEF:**
**DECLARATION OF NONINFRINGEMENT REGARDING U.S. PATENT NO. 7,487,309**

17. Avid realleges and incorporates by reference its responses to paragraphs 1-16 above.

18. Avid admits that Harmonic filed a "Third Counterclaim for Relief" seeking a declaratory judgment of "noninfringement of any and all valid and enforceable claims of U.S. Patent No. 7,487,309 ('the '309 patent')."

19. Admitted.

20. Denied.

21. Admitted.

22. Avid admits that through its Third Counterclaim, Harmonic is requesting a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 18-21 of the Third Counterclaim. Avid admits that a determination and declaration are necessary and appropriate at this time either through Avid's Complaint or Harmonic's Third Counterclaim so that the parties may ascertain their respective rights and duties in this regard.

**FOURTH COUNTERCLAIM FOR RELIEF:**
**DECLARATION OF INVALIDITY REGARDING U.S. PATENT NO. 7,487,309**

23. Avid realleges and incorporates by reference its responses to paragraphs 1-22 above.

24. Avid admits that Harmonic filed a "Fourth Counterclaim for Relief" seeking a declaratory judgment of "invalidity and unenforceability of any and all claims of the '309 patent."

25. Denied.

26. Admitted.

27. Avid admits that through its Fourth Counterclaim, Harmonic is requesting a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 24-26 of the Fourth Counterclaim. Avid admits that a determination and declaration are necessary and appropriate at this time either through Avid's Complaint or Harmonic's Fourth Counterclaim so that the parties may ascertain their respective rights and duties in this regard.

**FIFTH COUNTERCLAIM FOR RELIEF:**
**INFRINGEMENT OF U.S. PATENT NO. 6,574,225**

28. Avid realleges and incorporates by reference its responses to paragraphs 1-27 above.

29. Avid admits that U.S. Patent No. 6,574,225 ("the '225 patent") issued on June 3, 2003, that the '225 patent is entitled "Clock Recovery in a Packet-Based Data Network," and that a copy of the '225 patent was attached to Harmonic's answer and counterclaims as Exhibit 1. Avid denies that the '225 patent was "duly and legally issued" by the United States Patent and Trademark Office. Avid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

30. Denied.

31. Denied.

4

32. Denied.

33. Denied.

### SIXTH COUNTERCLAIM FOR RELIEF:
### INFRINGEMENT OF U.S. PATENT NO. 6,665,675

34. Avid realleges and incorporates by reference its responses to paragraphs 1-33 above.

35. Avid admits that U.S. Patent No. 6,665,675 ("the '675 patent") issued on December 16, 2003, that the '675 patent is entitled "Shared File System Having a Token-Ring Style Protocol for Managing Meta-Data," and that a copy of the '675 patent was attached to Harmonic's answer and counterclaims as Exhibit 2.  Avid denies that the '675 patent was "duly and legally issued" by the United States Patent and Trademark Office.  Avid lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35, and therefore denies them pursuant to Fed. R. Civ. P. 8(b).

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### DEMAND FOR JURY TRIAL

40. Avid admits that Harmonic has demanded a jury trial on its counterclaims.

### AFFIRMATIVE DEFENSES TO HARMONIC'S
### FIFTH AND SIXTH COUNTERCLAIMS

41. Avid is informed and believes, and thereon alleges, that Harmonic has failed to state a claim upon which relief can be granted.

42. Avid has not and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of U.S. Patent No. 6,574,225 or U.S. Patent No. 6,665,675.

43. The claims of U.S. Patent No. 6,574,225 and U.S. Patent No. 6,665,675 are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

44. On information and belief, by reason of proceedings in the United States Patent and Trademark Office, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made by the applicants or on their behalf, Harmonic is estopped from construing the claims of U.S. Patent No. 6,574,225 and U.S. Patent No. 6,665,675 to cover and/or include any acts of Avid.

45. On information and belief, Harmonic's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287.

46. On information and belief, Harmonic may not claim pre-lawsuit damages, in whole or in part, for failure to comply with 35 U.S.C. § 287.

47. On information and belief, Harmonic's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

48. Harmonic is not entitled to injunctive relief because any alleged injury to Harmonic is not immediate and/or irreparable, and Harmonic has an adequate remedy at law.

**RESERVATION OF ADDITIONAL DEFENSES**

49. Avid reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**AVID'S COUNTERCLAIMS TO HARMONIC'S COUNTERCLAIMS**

Plaintiff Avid Technology, Inc. ("Avid") hereby alleges for its counterclaims against Defendant Harmonic Inc. ("Harmonic") in response to the Fifth and Sixth Counterclaims alleged in "Defendant Harmonic Inc.'s Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement" as follows:

**THE PARTIES**

1. Avid is a Delaware corporation having a principal place of business at 75 Network Drive, Burlington, Massachusetts 01803.

2. On information and belief, Harmonic is a Delaware corporation, with its principal place of business at 4300 North First Street, San Jose, CA 95134.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has personal jurisdiction over Harmonic because, among other things, Harmonic has consented to jurisdiction by filing "Defendant Harmonic Inc.'s Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement," and because Harmonic alleges in paragraph 1 of its counterclaims that it is a Delaware corporation.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**AVID'S FIRST COUNTERCLAIM**
**RELATING TO HARMONIC'S FIFTH COUNTERCLAIM**

6. Avid realleges and incorporates by reference the allegations of paragraphs 1-5 of its counterclaims as though fully set forth herein.

7. This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of U.S. Patent No. 6,574,225 ("the '225 patent").

8. In its Fifth Counterclaim, Harmonic alleges that Avid has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '225 patent, Harmonic alleges that such alleged infringement has damaged Harmonic, and Harmonic alleges that, unless enjoined, such alleged infringement will continue to damage Harmonic.

9. Avid has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '225 patent.

10. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Avid and Harmonic regarding whether Avid has infringed or is infringing any valid claim of the '225 patent.

11. Avid requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 7-10 of Avid's First Counterclaim above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## AVID'S SECOND COUNTERCLAIM
## RELATING TO HARMONIC'S FIFTH COUNTERCLAIM

12. Avid realleges and incorporates by reference the allegations of paragraphs 1-5 and 8 of its counterclaims as though fully set forth herein.

13. This is an action for declaratory judgment of invalidity of all claims of the '225 patent.

14. The '225 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Harmonic and Avid as to whether there exists any valid claim of the '225 patent.

16. Avid requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 13-15 of Avid's Second Counterclaim above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### AVID'S THIRD COUNTERCLAIM
### RELATING TO HARMONIC'S SIXTH COUNTERCLAIM

17. Avid realleges and incorporates by reference the allegations of paragraphs 1-5 of its counterclaims as though fully set forth herein.

18. This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of U.S. Patent No. 6,665,675 ("the '675 patent").

19. In its Sixth Counterclaim, Harmonic alleges that Avid has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '675 patent, Harmonic alleges that such alleged infringement has damaged Harmonic, and Harmonic alleges that, unless enjoined, such alleged infringement will continue to damage Harmonic.

20. Avid has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid claim of the '675 patent.

9

21. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Avid and Harmonic regarding whether Avid has infringed or is infringing any valid claim of the '675 patent.

22. Avid requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 18-21 of Avid's Second Counterclaim above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## AVID'S FOURTH COUNTERCLAIM
## RELATING TO HARMONIC'S SIXTH COUNTERCLAIM

23. Avid realleges and incorporates by reference the allegations of paragraphs 1-5 and 19 of its counterclaims as though fully set forth herein.

24. This is an action for declaratory judgment of invalidity of all claims of the '675 patent.

25. The '675 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Harmonic and Avid as to whether there exists any valid claim of the '675 patent.

27. Avid requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 24-26 of Avid's Fourth Counterclaim above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**DEMAND FOR JURY TRIAL**

28. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Avid demands a trial by jury for all matters raised by its First and Second Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Avid prays that this Court:

(a) dismiss Harmonic's counterclaims against Avid with prejudice;

(b) hold that Harmonic is not entitled to any relief based on its counterclaims against Avid;

(c) declare that Avid has not infringed and does not infringe any claim of the '225 patent;

(d) declare that the asserted claims of the '225 patent are invalid;

(e) declare that Avid has not infringed and does not infringe any claim of the '675 patent;

(f) declare that the asserted claims of the '675 patent are invalid;

(g) permanently enjoin Harmonic, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '225 patent or '675 patent against Avid or any parents, affiliates, or subsidiaries of Avid or their respective officers, agents, employees, successors, and assigns;

(h) find that this case is exceptional and award Avid its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes;

(i) award Avid the relief it seeks in its Complaint;

(j) award Avid the relief it seeks in its counterclaims; and

    (k)    award Avid such other relief as the Court deems just and proper.

| OF COUNSEL: | /s/ John W. Shaw |
|---|---|
| | John W. Shaw (No. 3362) |
| John M. Hintz | Karen E. Keller (No. 4489) |
| CHADBOURNE & PARKE LLP | Shaw Keller LLP |
| 30 Rockefeller Plaza | 800 Delaware Avenue, 4th Floor |
| New York, NY 10112 | Wilmington, DE 19801 |
| (212) 408-5100 | (302) 476-2050 |
| jhintz@chadbourne.com | jshaw@shawkeller.com |
| | kkeller@shawkeller.com |
| Dated: December 23, 2011 | |
| | **COUNSEL FOR PLAINTIFF** |
| | **AVID TECHNOLOGY, INC.** |