IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1040-GMS |
| | ) | |
| HARMONIC INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**JOINT RULE 26(f) REPORT AND
REQUEST FOR RULE 16 SCHEDULING CONFERENCE**

Counsel for Plaintiff Avid Technology, Inc. ("Avid") and Defendant Harmonic Inc. ("Harmonic"), having conferred telephonically on April 4 and 10, 2012, pursuant to Federal Rule of Civil Procedure 26(f), hereby submit this joint report and joint request for a Rule 16 scheduling conference to be held on a date and at a time at the Court's earliest convenience.

**I.    JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over this action, the Court has personal jurisdiction over the parties to this action, and venue is proper in this Court.

**II.   SUBSTANCE OF THE ACTION**

On October 28, 2011, Avid filed this action against Harmonic alleging infringement of U.S. Patent Nos. 6,760,808 and 7,487,309. (D.I. 1). The accused Harmonic product includes at least the "Omneon MediaGrid."

On December 2, 2011, Harmonic filed an answer and counterclaims in response to Avid's complaint. (D.I. 9.) Certain of Harmonic's counterclaims allege infringement by Avid of certain U.S. Patents. Harmonic now intends not to proceed further with those infringement counterclaims. The parties have agreed to stipulate to dismiss without prejudice the

counterclaims by both parties with respect to U.S. Patent Nos. 6,574,225 and 6,665,675, in order to drop those claims from this case. A stipulation dismissing the relevant counterclaims was filed on April 6, 2012. (D.I. 17.)

On December 23, 2011, Avid filed an answer and counterclaims in response to Harmonic's counterclaims. (D.I. 13).

On January 17, 2012, Harmonic filed an answer in response to Avid's counterclaims. (D.I. 14).

### III. IDENTIFICATION OF ISSUES

The issues to be decided in this action include at least the following:

1. Whether Harmonic infringes or has infringed any claim of any of the Avid patents-in-suit;

2. Whether each of the asserted claims of the Avid patents-in-suit is not invalid and is enforceable;

3. Whether either party is entitled to prevail on any affirmative defense;

4. Whether Avid is entitled to a permanent injunction;

5. The amount of Avid's damages for any infringement of any valid and enforceable claim;

6. Whether Avid is entitled to enhanced damages pursuant to 35 U.S.C. §284; and

7. Whether this case is exceptional and whether either party is entitled to attorney's fees and costs pursuant to 35 U.S.C. § 285.

### IV. NARROWING OF ISSUES

The parties believe that discovery is likely to provide information that would allow each side to file a motion for partial summary judgment that would narrow the issues in this action.

## V. RELIEF

### A. Avid's Request for Relief

Avid seeks the following relief:

1. adjudging Harmonic to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 6,760,808;

2. adjudging Harmonic to have violated 35 U.S.C. § 271 by infringing one or more claims of U.S. Patent No. 7,487,309;

3. adjudging Harmonic's infringement to have been willful;

4. awarding Avid damages adequate to compensate for Harmonic's infringement in the form of Avid's lost profits, including damages due to price erosion, and/or a reasonable royalty under 35 U.S.C. § 284, or some combination thereof, in an amount to be determined at trial;

5. finding this action to be an exceptional case under 35 U.S.C. § 285;

6. awarding Avid its reasonable attorney fees under 35 U.S.C. § 285;

7. awarding Avid pre-judgment and post-judgment interest;

8. permanently enjoining Harmonic and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them from further infringement of U.S. Patent Nos. 6,760,808 and 7,487,309; and

9. awarding Avid such other and further relief as this Court deems just and equitable.

### B. Harmonic's Request for Relief

Harmonic seeks the following relief:

1. dismiss Avid's Complaint against Harmonic with prejudice;

2. hold that Avid is not entitled to any relief, whether in law or equity or otherwise, from its suit against Harmonic;

3. declare that Harmonic has not infringed and does not infringe any claim of U.S. Patent No. 6,760,808;

4. declare that the claims of U.S. Patent No. 6,760,808 are invalid and unenforceable;

5. declare that Harmonic has not infringed and does not infringe any claim of U.S. Patent No. 7,487,309;

6. declare that the claims of U.S. Patent No. 7,487,309 are invalid and unenforceable;

7. permanently enjoin Avid, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce U.S. Patent No. 6,760,808 or U.S. Patent No. 7,487,309 against Harmonic or any parents, affiliates, or subsidiaries of Harmonic or their respective officers, agents, employees, successors, and assigns;

8. find that this case is exceptional and award Harmonic its respective costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or other statutes; and

9. award Harmonic any other relief, in law and in equity, to which the Court finds Harmonic is justly entitled.

## VI. AMENDMENT OF PLEADINGS

Unless the Court orders otherwise, all motions to amend the pleadings shall be filed by May 25, 2012.

## VII. JOINDER OF PARTIES

The parties are not aware of any additional parties that need to or should be joined in this action at this time, but may seek to join additional parties in accord with the Scheduling Order and

Federal Rules of Civil Procedure by stipulation or by requesting leave of the Court should the need arise.

## VIII. DISCOVERY

### A. Avid's Statement Regarding Discovery

Avid will require discovery concerning, among other things, the accused Harmonic product; the development, design, structure, and operation of the accused Harmonic product; the sales, revenue, profits, and marketing associated with the accused Harmonic product; Harmonic's knowledge of the Avid patents and any analyses or opinions concerning the Avid patents; Harmonic's license agreements concerning the accused Harmonic product and related technology and other factors affecting the measure and extent of damages; the bases for any Harmonic defenses to Avid's claims of infringement; the bases for any allegations that the claims of the Avid patents are invalid and/or unenforceable; the relevant markets and competition and competitors within those markets; competition between the parties, including Harmonic's attempt to develop products competitive with Avid's products; and alternative technologies to those covered by the Harmonic patents.

### B. Harmonic's Statement Regarding Discovery

Harmonic will require discovery concerning, among other things, the operation of the accused products; sales and other financial information relating to the accused products; communication between Avid and Harmonic; the identity and operation of each product claimed to practice the claims of the patents-in-suit; the identity and operation of each product that Avid licenses and claims practices the claims of the patents-in-suit; the marking of any product with the number of the patents-in-suit; the extent to which Avid will claim commercial success of the technology claimed in the patents-in-suit; inventorship and ownership of the patents-in-suit; date

of alleged invention and reduction to practice of the patents-in-suit; steps taken and disclosures and statements made during prosecution of the patents-in-suit and related patents; prior art pertaining to the patents-in-suit; first disclosure, sale and public use of the technology claimed in the patents-in-suit; any licenses or attempted licenses covering the patents-in-suit and/or corresponding technology.

      C.    **Documents and Electronically Stored Information**

Counsel for the parties have conferred to determine the extent to which special procedures, if any, will be required for the discovery of electronically stored information and what form or forms should be used for the production of electronically stored information. The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f). Although the parties might reach additional agreements on these topics in the future, in the interim, the parties have agreed to many of the standards contained in the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" recently issued by this Court and the "E-Discovery Model Order" recently issued by the Advisory Council to the Court of Appeals for the Federal Circuit.

      1.    **General Provisions**

          a.    **Proportionality.** The parties shall use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information (stored on paper or in electronic form).

          b.    **Preservation of Discoverable Information.** The parties acknowledge that each party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in each party's possession, custody, or control.

However, the parties agree that (i) absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control; and (ii) absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached to the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" recently issued by this Court need not be preserved.

      c.    **Time Limit On Discovery.**  Absent a showing of good cause, discovery shall be limited (i) to a term of six (6) years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited, and (ii) to documents created prior to the date of filing of this action, except for documents related to any party's claim for damages.

      d.    **Metadata.**  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

    2.    **Initial Disclosures**

Each party shall disclose along with its Rule 26(a) initial disclosures:

      a.    **Custodians.**  Apart from and in addition to the disclosure of non-custodial data sources as provided in subparagraph (b) below, the five (5) custodians most likely to have discoverable information (beyond that contained in such non-custodial data sources) in

their possession, custody, or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information. Each party has informed or will inform those custodians and any other employees it reasonably believes are likely to possess relevant electronic documents of the necessity to preserve such information and request that those custodians and employees refrain from deleting or destroying relevant electronic documents for the pendency of this action.

      b.    **Non-custodial data sources.**[1] A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

      c.    **Notice.** The parties shall identify any issues relating to:

    (i) Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

    (ii) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

    (iii) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

---

[1] That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (*e.g.*, enterprise system or database).

  3. **Specific E-Discovery Issues**

    a. **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    b. **Search methodology.**  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than ten (10) additional terms to be used in connection with the electronic search.  Focused terms, rather than over-broad terms (*e.g.*, product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 2(b) of this Section VII.C.; and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 2(a) of this Section VII.C.

    c. **Email.**  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").  To obtain email parties must propound specific email production requests.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

      (i). **Timing.**  Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

      (ii). **Scope.**  Email production requests shall identify the custodian, search terms, and time frame.

        (a). **Custodians.**  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.  Each requesting party shall

limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

(b). **Search Terms.** Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve

email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

c. **Format.** ESI and non-ESI may be produced to the requesting party as text searchable image files (*e.g.*, PDF or TIFF) or as native files. A requesting party may request that production of particular ESI be made in native format, but such request will be granted only upon a showing of good cause and costs may be shifted for such requests.

D. **Discovery Limitations**

The parties agree that the following limits on discovery shall apply.

1. Fact Depositions: The parties agree that each party shall be permitted a maximum of twelve (12) depositions. The 12 deposition limit includes depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) (each 7 hours of which shall count as a single deposition toward the 12-deposition limit, despite the number of deposition topics) and any third party depositions, but does not include expert depositions. The parties agree that each deposition will be limited to 7 hours in length of on-the-record time. Each 7 hours of on-the-record time of testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as one deposition. The parties agree that leave of court under Rule 30(a)(2)(A)(ii) is not required for (a) the taking of a Rule 30(b)(6) deposition where the designated witness already testified on deposition in his or her individual capacity, (b) the taking of an individual's deposition where the witness already testified on deposition as a designated Rule 30(b)(6) witness, and (c) multiple Rule 30(b)(6) depositions of the same designated witness. The parties each reserve their right to seek relief from the court to limit the length of any particular deposition or take depositions in excess of the limits described above.

2. <u>Third Party Subpoenas</u>: Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon the other party. Moreover, any party which receives documents from a third-party pursuant to a subpoena will reproduce those documents to the other party within five (5) days. Where reproduction of documents within the above time frame is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

If a party notices a deposition or serves a deposition subpoena on a third-party, the other party must give written notice at least one day before the deposition if it intends to ask questions of the third-party witness at the deposition. Thereafter, counsel for each party will cooperate in good faith to reach agreement on the amount of time that each party will have to ask questions of the third-party witness at the deposition.

3. <u>Expert Depositions</u>: Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach an agreement regarding limits on expert deposition time.

4. <u>Interrogatories</u>: Each party may propound, in total, no more than twenty-five (25) interrogatories to the other side. A single interrogatory may address more than one patent and more than one product yet still be counted as one interrogatory.

5. <u>Requests for Admission</u>: Each party may serve up to thirty (30) substantive requests for admission and an unlimited number of requests for admission solely as to the authentication of documents.

6. <u>Requests for the Production of Documents and Things</u>: Each party may serve an unlimited number of requests for production of documents and things.

E.   **Proposed Schedule**

1.   <u>Agreed Portion</u>**.**  The parties propose the following schedule for the initial phase of the case:

| EVENT | PROPOSED DATE |
|---|---|
| Rule 16 Conference | (To be set by the Court) |
| Avid shall (i) identify the accused products and each asserted claim that those products allegedly infringe, (ii) produce the file history for each asserted patent, and (iii) produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes | 4/11/2012 |
| Harmonic shall produce the core technical documents related to the accused product(s) including, but not limited to, operation manuals, product literature, schematics, and specifications | 5/25/2012 |
| Harmonic shall produce its initial invalidity contentions for each asserted claim as well as the cited invalidating references | 5/25/2012 |
| Deadline to Join Parties / Amend Pleadings | 5/25/2012 |
| Exchange Proposed Terms for Claim Construction | 7/10/2012 |
| Exchange Proposed Constructions and Extrinsic Evidence | 7/24/2012 |
| File Final Joint Claim Construction Statement | 8/7/2012 |

The parties were not able to reach agreement regarding the schedule for remainder of the case.

2.   <u>Avid's Proposal for Remainder of Schedule</u>.  Avid proposes a schedule that will enable this case to be set for a trial date in or around September 2013.  This is a patent case of no especial complexity, whose straightforward issues can be developed appropriately without undue delay by parties committed to proceeding diligently.  Avid's proposed schedule allows nearly five months for fact discovery, followed by expert discovery that will encompass both claim

construction and other issues, and a *Markman* hearing to be held after the issues have been fully crystallized and the evidentiary record fully developed.

Avid accordingly proposes the following schedule for remainder of the case:

| EVENT | PROPOSED DATE |
|---|---|
| Serve Rule 26(a) Initial Disclosures | 4/18/2012 |
| Close of Fact Discovery | 8/31/2012 |
| Serve Opening Expert Reports (burden of proof) | 9/28/2012 |
| Serve Rebuttal Expert Reports | 10/26/2012 |
| Close of Expert Discovery | 11/16/2012 |
| File Opening Claim Construction Briefs | 11/30/2012 |
| File Answering Claim Construction Briefs | 12/14/2012 |
| Markman Hearing | (To be set by the Court) |
| Submit Letter Briefs Seeking Permission to File Summary Judgment Motions | 12/21/2012 |
| Submit Answering Letter Briefs Regarding Summary Judgment Motions | 1/9/2013 |
| Submit Reply Letter Briefs Regarding Summary Judgment Motions | 1/16/2013 |
| Status Conference Regarding Permissibility of Summary Judgment Motions | (To be set by the Court) |
| Avid to file its final claim chart relating each accused product to the asserted claims each product allegedly infringes, and Harmonic to file its final invalidity contentions for each asserted claim as well as the cited invalidating references | (In the pre-trial order) |

3. <u>Harmonic's Proposal for Remainder of Schedule</u>. Harmonic proposes a reasonable timeframe for the parties to fully develop this case. In particular, Harmonic proposes a close of fact discovery a little more than a year from now and following a *Markman* hearing rather than trying to compress fact discovery into four and a half months. Harmonic further believes that judicial and party resources may be conserved by an early *Markman* hearing as Harmonic has identified terms it believes to be case dispositive. Accordingly, Harmonic proposes completing claim construction and the submission of letter briefs relating to summary judgment motions in advance of expert reports.

Harmonic accordingly proposes the following schedule for remainder of the case:

| EVENT | PROPOSED DATE |
|---|---|
| Serve Rule 26(a) Initial Disclosures | 5/25/2012 |
| File Opening Claim Construction Briefs | November 9, 2012 |
| File Answering Claim Construction Briefs | November 30, 2012 |
| Markman Hearing | January/February 2013 (date set at discretion of the Court) |
| Disclosure of Reliance on Advice of Counsel, if any | 3/22/2013 |
| Close of Fact Discovery | 6/21/2013 |
| Final infringement contentions | The earlier of 30 days after the *Markman* order or May 3, 2013 |
| Final invalidity contentions | The earlier of 50 days after the *Markman* order or May 23, 2013 |
| Submit Letter Briefs Seeking Permission to File Summary Judgment Motions | 7 days after final invalidity contentions |
| Submit Answering Letter Briefs Regarding Summary Judgment Motions | 21 days after final invalidity contentions |
| Submit Reply Letter Briefs Regarding Summary Judgment Motions | 28 days after final invalidity contentions |
| Serve Opening Expert Reports (burden of proof) | 8/16/2013 |
| Serve Rebuttal Expert Reports | 9/16/2013 |

| EVENT | PROPOSED DATE |
|---|---|
| Close of Expert Discovery | 10/16/2013 |
| Status Conference Regarding Permissibility of Summary Judgment Motions | (To be set by the Court) |

## IX. ESTIMATED TRIAL LENGTH

Depending on the scope and number of issues remaining in this action at the time of trial, Avid estimates that it will take approximately two weeks to try this case and Harmonic estimates that it will take approximately one week to try this case.

## X. JURY TRIAL

Both parties have requested a jury trial on all issues that are so triable to a jury.

## XI. SETTLEMENT

The parties have had settlement discussions before the lawsuit, but have not reached a resolution.

## XII. OTHER MATTERS

### A. Protective Order

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary. The parties will attempt to agree on the form of such an order and present it to the Court for the Court's approval.

### B. Email Service

Copies of all documents filed with the Court or required to be served under the Federal Rules of Civil Procedure shall be served on the parties by email, unless full unredacted copies of such documents are downloadable in response to ECF prompts issued by the Court. Such copies shall be delivered in one or more .pdf files attached to an email (or emails) addressed to each designated email address set forth below. Copies of discovery requests and responses shall be

provided in a searchable .pdf format. When a document is too large to email, the party serving the document shall provide by email a list of any such oversized documents and shall make such oversized documents available for password-protected download (*e.g.*, by use of an ftp site). The parties may also transmit other correspondence by email addressed to each of the designated email addresses below without delivering a hard copy.

The parties designate the following email addresses to receive service of documents:

Avid:  SKAvid@shawkeller.com
devans@chadbourne.com
sbalber@chadbourne.com
rschwinger@chadbourne.com
ptanck@chadbourne.com

Harmonic:  dmoore@potteranderson.com
sholly@potteranderson.com
jyoon@wsgr.com
sshanberg@wsgr.com
rbrewer@wsgr.com

The parties further agree that, for purposes of calculating the time to file an opposition or reply to a motion or the time to serve a response to a discovery request, the three-day extension described in Federal Rule of Civil Procedure 6(d) shall not apply to any documents served by email or downloadable in unredacted from in response to ECF prompts issued by the Court. In any situation in which the timing for a response is explicitly articulated in the Court's scheduling order, the scheduling order takes precedence over all other methods of calculating due dates.

C. **Withheld Document Logs**

The parties have agreed that no party shall be required to identify on its withheld document log prepared under Fed. R. Civ. P. 26(b)(5) any document or communication dated on or after the filing date of this action, (*i.e.*, October 28, 2011), which, absent this provision, the party would have been obligated to identify on its withheld document log. The parties also have

17

agreed that activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      **D.**     **Non-Waiver Due To Inadvertent Production**

The parties intend to address protections for inadvertent production of any document or information subject to a claim of privilege, work product immunity or confidentiality under Fed. R. Evid. 502 in detail in the protective order that they intend to negotiate and submit to the Court for approval.

**XIII.**    **CONFIRMATION OF RULE 26(f) CONFERENCE**

Counsel for the parties have conferred about each of the matters listed above and each of the items listed in paragraph 2b of the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')."

Dated:  April 16, 2012

[SIGNATURES ON FOLLOWING PAGE]

/s/      John W. Shaw

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Shaw Keller LLP
800 Delaware Avenue, 4th Floor
Wilmington, DE  19801
(302) 476-2050
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:

Scott S. Balber  (admitted *pro hac vice*)
Robert A. Schwinger  (admitted *pro hac vice*)
Paul J. Tanck  (admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email: sbalber@chadbourne.com
       rschwinger@chadbourne.com
       ptanck@chadbourne.com

David H. Evans (admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC  20036
Tel.:  (202) 974-5600
Fax:  (202) 974-5602
Email: devans@chadbourne.com

**COUNSEL FOR PLAINTIFF
AVID TECHNOLOGY, INC.**

/s/      David E. Moore

David E. Moore (#3983)
Suzanne Hill Holly (#4414)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
sholly@potteranderson.com

OF COUNSEL:

James C. Yoon
Stefani E. Shanberg
Robin L. Brewer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 565-3645
Email:  jyoon@wsgr.com
        sshanberg@wsgr.com
        rbrewer@wsgr.com

**COUNSEL FOR DEFENDANT HARMONIC INC.**