IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1040-GMS-SRF |
| | ) | |
| HARMONIC INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] SCHEDULING ORDER

This ___ day of _____, 2012, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on May 29, 2012, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**.  Plaintiff Avid Technology, Inc. ("Avid") served its initial disclosures on Defendant Harmonic Inc. ("Harmonic") on April 18, 2012.  Harmonic served its initial disclosures on Avid on May 25, 2012.   Counsel for the parties have conferred to determine the extent to which special procedures, if any, will be required for the discovery of electronically stored information and what form or forms should be used for the production of electronically stored information.  The parties will continue to meet and confer on the scope of discovery of documents and electronically stored information pursuant to Federal Rule of Civil Procedure 26(f).  The parties have reviewed the Default Standard for Discovery of Electronic Documents and, although the

parties may reach additional agreements on these topics in the future, in the interim, the parties have agreed to many of the standards contained in the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" recently issued by this Court and the "E-Discovery Model Order" recently issued by the Advisory Council to the Court of Appeals for the Federal Circuit.

      a.    **General Provisions**

      i.    **Proportionality.**  The parties shall use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information (stored on paper or in electronic form).

      ii.    **Preservation of Discoverable Information.**  The parties acknowledge that each party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in each party's possession, custody, or control. However, the parties agree that (i) absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody, or control; and (ii) absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached to the "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" recently issued by this Court need not be preserved.

      iii.    **Time Limit On Discovery.**  Absent a showing of good cause, discovery shall be limited (i) to a term of six (6) years before the filing of the complaint, except

that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited, and (ii) to documents created prior to the date of filing of this action, except for documents related to any party's claim for damages.

        iv.    **Metadata.**  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

        b.    <u>**Initial Disclosures**</u>

        Each party shall disclose along with its Rule 26(a) initial disclosures:

        i.    **Custodians.**  Apart from and in addition to the disclosure of non-custodial data sources as provided in subparagraph (b) below, the five (5) custodians most likely to have discoverable information (beyond that contained in such non-custodial data sources) in their possession, custody, or control, from the most likely to the least likely.  The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.  Each party has informed or will inform those custodians and any other employees it reasonably believes are likely to possess relevant electronic documents of the necessity to preserve such information and request that those custodians and employees refrain from deleting or destroying relevant electronic documents for the pendency of this action.

ii. **Non-custodial data sources.**[1]   A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

iii. **Notice.**  The parties shall identify any issues relating to:

(1) Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

(2) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

(3) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

c. **Specific E-Discovery Issues**

i. **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

ii. **Search methodology.**  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than ten (10) additional terms to be used in connection with the electronic search.  Focused terms, rather than

---

[1]   That is, a system or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system or container (*e.g.*, enterprise system or database).

over-broad terms (*e.g.*, product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 2(b) of this Section VII.C.; and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 2(a) of this Section VII.C.

      iii.     **Email.**  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email").   To obtain email parties must propound specific email production requests.  Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

      (1).     **Timing.**   Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.

      (2).     **Scope.**   Email production requests shall identify the custodian, search terms, and time frame.

      (a). **Custodians.**  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.  Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.  Should a party serve email production requests for additional custodians beyond the limits agreed to by the

parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

(b).     **Search Terms.**  Each requesting party shall limit its email production requests to a total of five search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.  Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

iv.     **Format.**  ESI and non-ESI may be produced to the requesting party as text searchable image files (e.g., PDF or TIFF) or as native files.  A requesting party

may request that production of particular ESI be made in native format, but such request will be granted only upon a showing of good cause and costs may be shifted for such requests.

2. **Joinder of Other Parties and Amendment of Pleadings**.   The parties are not aware of any additional parties that need to or should be joined in this action at this time, but may seek to join additional parties in accord with the Scheduling Order and Federal Rules of Civil Procedure by stipulation or by requesting leave of the Court should the need arise.   All motions to amend or supplement the pleadings shall be filed on or before May 25, 2012.

3. **Other Preliminary Patent Discovery**.   Avid served its Disclosure of Accused Products, Asserted Patent Claims, File Histories of Asserted Patents, and Initial Claim Chart Infringement Contentions on Harmonic on April 11, 2012.   Harmonic served its Invalidity Contentions on Avid on May 25, 2012, on which date Harmonic also made a document production to Avid that was represented to contain the core technical documents related to the accused products, including but not limited to operation manuals, product literature, schematics and specifications.

4. **Reliance Upon Advice of Counsel**.  Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than September 5, 2012.  If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than September 5, 2012.

5. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. Depositions.

i.   <u>Limitation on Deposition Discovery</u>.

(1)   <u>Fact Depositions</u>:  The parties agree that each party shall be permitted a maximum of twelve (12) depositions.  The 12 deposition limit includes depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) (each 7 hours of which shall count as a single deposition toward the 12-deposition limit, despite the number of deposition topics) and any third party depositions, but does not include expert depositions.  The parties agree that each deposition will be limited to 7 hours in length of on-the-record time.  Each 7 hours of on-the-record time of testimony pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as one deposition.  The parties agree that leave of court under Rule 30(a)(2)(A)(ii) is not required for (a) the taking of a Rule 30(b)(6) deposition where the designated witness already testified on deposition in his or her individual capacity, (b) the taking of an individual's deposition where the witness already testified on deposition as a designated Rule 30(b)(6) witness, and (c) multiple Rule 30(b)(6) depositions of the same designated witness.  The parties each reserve their right to seek relief from the court to limit the length of any particular deposition or take depositions in excess of the limits described above.

(2)   <u>Expert Depositions</u>:  Promptly after the parties serve their expert reports, the parties will confer in good faith in an effort to reach an agreement regarding limits on expert deposition time.

ii.   <u>Location of Depositions</u>.  The parties have agreed that any party, representative (officer, director, or managing agent) of a party, or party-related witness may submit to a deposition in the vicinity of the party's business location at the witness' preference.

b.      <u>Third Party Subpoenas</u>:  Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon the other party.  Moreover, any party which receives documents from a third-party pursuant to a subpoena will reproduce those documents to the other party within five (5) days.  Where reproduction of documents within the above time frame is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

If a party notices a deposition or serves a deposition subpoena on a third-party, the other party must give written notice at least one day before the deposition if it intends to ask questions of the third-party witness at the deposition.  Thereafter, counsel for each party will cooperate in good faith to reach agreement on the amount of time that each party will have to ask questions of the third-party witness at the deposition.

c.      <u>Interrogatories</u>:  Each party may propound, in total, no more than twenty-five (25) interrogatories to the other side.  A single interrogatory may address more than one patent and more than one product yet still be counted as one interrogatory.

d.      <u>Requests for Admission</u>:  Each party may serve up to thirty (30) substantive requests for admission and an unlimited number of requests for admission solely as to the authentication of documents.

e.      <u>Requests for the Production of Documents and Things</u>:  Each party may serve an unlimited number of requests for production of documents and things.

f.      <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before November 30, 2012. The Court encourages the parties to serve

and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

g.     Disclosure of Expert Testimony.

i.     For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 10, 2013.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 7, 2013.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  All expert discovery shall be completed on or before March 15, 2013.

ii.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

h.     Discovery Matters and Disputes Relating to Protective Orders.  Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[2] the parties involved shall contact chambers at (302) 573-4551 to schedule a telephone conference.  After the parties have contacted chambers and have scheduled a teleconference, the moving party or parties should file a "[Joint] Motion for Teleconference To

---

[2]     Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

Not less that forty-eight (48) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed three (3) pages, in no less than 12-point font, outlining that party's reason for its opposition. Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

6. **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten (10) days from the date of this

Order. Should counsel be unable to reach an agreement on a proposed form of protective order,

counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure
> of information in this litigation, the Court does not intend to preclude
> another court from finding that information may be relevant and
> subject to disclosure in another case. Any person or party subject to
> this order who in other proceedings becomes subject to a motion to
> disclose another party's information designated "confidential" [the
> parties should list any other level of designation, such as "highly
> confidential," which may be provided for in the protective order]
> pursuant to this order shall promptly notify that party of the motion so
> that party may have an opportunity to appear and be heard in the other
> proceeding.

7. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver

to the Clerk an original and one (1) copy of the papers. In accordance with section G of the

Administrative Procedures Governing Filing and Service by Electronic Means, a redacted

version of any sealed document shall be filed electronically within seven (7) days of the filing of

the sealed document.

8. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies

of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed

under seal.

9. **ADR Process**. This matter will be discussed during the Rule 16 scheduling

conference.

10. **Interim Status Report**.  On September 6, 2012, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

11. **Status Conference**.  On September 13, 2012, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 1:00 p.m. Eastern time. Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

12. **Tutorial Describing the Technology and Matters in Issue**.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes.  The tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

13.    **Case Dispositive Motions**.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before April 12, 2013. Briefing will be presented pursuant to the Court's Local Rules, except as modified during the scheduling conference.  If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court.  No case-dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument.  If the exhibit is a deposition, both the page and line numbers must be specified.[3]

14.    **Claim Construction Issue Identification**.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on July 10, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. This document will not be filed with the Court.  On July 24, 2012, the parties shall exchange their proposed claim construction and identify extrinsic evidence for those term(s)/phrase(s). This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on August 7, 2012.   The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of

---

[3]    For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

15.   **Claim Construction Briefing**.   The parties shall contemporaneously submit initial briefs on claim construction issues on December 6, 2012.  The parties' answering/responsive briefs shall be contemporaneously submitted on December 20, 2012.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.   Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

16.   **Hearing on Claim Construction**.   Beginning at ____ _.m. on _____, 20__ **[date to be set by the District Judge]**, the Court will hear evidence and argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due:  (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they would like to have allocated to them for the hearing.

17.   **Final Contentions**.   Avid shall serve its final claim chart relating each accused product to the asserted patent claims that each product allegedly infringes 30 days after the Court has issued its claim construction order.  Harmonic shall serve its final invalidity contentions for each asserted claim, as well as the cited invalidating references, 50 days after the Court has issued its claim construction order.

18.   **Applications by Motion**.   Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

19.    **Pretrial Conference**.    On _____, 20__ **[date to be set by the District Judge]**, beginning at _____ __.m., the Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov.    Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft.  Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order.  **Motions *in limine*[4]**:  **NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before_____, 20__ **[date to be set by the District Judge]**,

20.    **Jury Instructions, Voir Dire, and Special Verdict Forms**.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file joint (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference.  That submission shall be

---

[4]    The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

21.     **Trial**.  This matter is scheduled for a ___ day ____ trial beginning at 9:30 a.m. on _____, 20__ **[date to be set by the District Judge]** with the subsequent trial days beginning at 9:00 a.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

22.     **OTHER MATTERS**

a.     Related Case

On May 18, 2012, Avid filed a second lawsuit in the United States District Court for the District of Delaware, Case No. 1:12-cv-00627-GMS, against Harmonic alleging infringement of U.S. Patent No. 5,495,291 by the Omneon Spectrum MediaPort.  Avid has not yet served the Complaint for this second lawsuit on Harmonic.  The parties disagree about whether this recently filed case will or should have any impact on the schedule in this case.  Avid believes it should have no impact.  The new case involves a different patent and different product, and was identified as a related case solely in conformance with the Court's rules requiring cases involving the same parties to be so identified.  Harmonic believes this recently filed case may have an impact on the schedule in this case.  Both cases involve Omneon[5] products and potentially the same sources of discovery.

---

[5]     Harmonic acquired Omneon, Inc. in 2010.

b.      <u>Email Service</u>

Copies of all documents filed with the Court or required to be served under the Federal Rules of Civil Procedure shall be served on the parties by email, unless full unredacted copies of such documents are downloadable in response to ECF prompts issued by the Court.  Such copies shall be delivered in one or more .pdf files attached to an email (or emails) addressed to each designated email address set forth below.  Copies of discovery requests and responses shall be provided in a searchable .pdf format.  When a document is too large to email, the party serving the document shall provide by email a list of any such oversized documents and shall make such oversized documents available for password-protected download (*e.g.*, by use of an ftp site).  The parties may also transmit other correspondence by email addressed to each of the designated email addresses below without delivering a hard copy.

The parties designate the following email addresses to receive service of documents:

Avid:  SKAvid@shawkeller.com
       devans@chadbourne.com
       sbalber@chadbourne.com
       rschwinger@chadbourne.com
       ptanck@chadbourne.com
       mdavi@chadbourne.com

Harmonic:  dmoore@potteranderson.com
          jchoa@potteranderson.com
          jyoon@wsgr.com
          sshanberg@wsgr.com
          rbrewer@wsgr.com

The parties further agree that, for purposes of calculating the time to file an opposition or reply to a motion or the time to serve a response to a discovery request, the three-day extension described in Federal Rule of Civil Procedure 6(d) shall not apply to any documents served by email or downloadable in unredacted from in response to ECF prompts issued by the Court.  In

any situation in which the timing for a response is explicitly articulated in the Court's scheduling order, the scheduling order takes precedence over all other methods of calculating due dates.

      c.     <u>Withheld Document Logs</u>

The parties have agreed that no party shall be required to identify on its withheld document log prepared under Fed. R. Civ. P. 26(b)(5) any document or communication dated on or after the filing date of this action, (*i.e.*, October 28, 2011), which, absent this provision, the party would have been obligated to identify on its withheld document log.  The parties also have agreed that activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      d.     <u>Non-Waiver Due To Inadvertent Production</u>

The parties intend to address protections for inadvertent production of any document or information subject to a claim of privilege, work product immunity or confidentiality under Fed. R. Evid. 502 in detail in the protective order that they intend to negotiate and submit to the Court for approval.

_____
UNITED STATES MAGISTRATE JUDGE