**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-1040-GMS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HARMONIC INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Avid Technology, Inc. ("Avid") and Defendant Harmonic Inc. ("Harmonic") anticipate that discovery in the above-captioned case will involve the disclosure of confidential information, and hereby submit the following Stipulated Protective Order.

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1.    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that the designating person in good faith believes the material so designated contains information protected from disclosure by statute or which should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive research, development or commercial information that is not publicly available. Documents that are publicly available do not fall within the definition of "CONFIDENTIAL" Information or Items.

2.3.    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

2.5.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Technical Adviser:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee

of a Party or of a Party's competitor.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7.   <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:   Extremely sensitive "Confidential Information or Items," whose disclosure to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" designation is reserved for Protected Material that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, settlement agreements or settlement communications, and (e) information concerning the disclosing party's actual or potential customers, the disclosure of which is likely to cause  harm to the competitive position of the Producing Party.

2.8.   <u>"RESTRICTED CONFIDENTIAL – SOURCE CODE"</u> Information or Items: Extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, whose disclosure to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9.   <u>House Counsel</u>:  Attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12.   <u>Party</u>:  Any party to this action, including all of its officers, directors, employees, consultants, retained Technical Advisers, and Outside Counsel of Record (and their support staff).

2.13.   <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14.   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or as "RESTRICTED CONFIDENTIAL – SOURCE CODE."

2.16.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

information:  (a)  any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1.     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," with the exception of source code, which shall be deemed "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless otherwise designated at the time. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. The Producing Party shall have a reasonable time to review and designate the materials prior to furnishing copies to the Receiving Party.

(b)     All transcripts of depositions taken in the above-captioned civil action after the filing of the Complaint shall be treated as if designated ATTORNEYS EYES ONLY for a period of ten (10) business days after a full and complete copy of the final transcript has been made available to the deponent or deponent's counsel for review. During the deposition or the ten-business-day period after the transcript becomes available, any deponent, deponent's counsel, or counsel for a Party may designate any portion of the transcript as CONFIDENTIAL or ATTORNEYS EYES ONLY by page and line number, and may also designate any exhibit or portion of any exhibit as CONFIDENTIAL or

ATTORNEYS EYES ONLY, by communicating such designation in writing to all Parties. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order; provided, however, deposition testimony or exhibits not specifically designated as CONFIDENTIAL or ATTORNEYS EYES ONLY shall not be protected under this Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE."  Marking of recorded media (*e.g.*, CD, DVD, hard drive, etc.) shall act to designate the entire contents thereof.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  All Protected Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 5.2(a), shall be designated by the Producing Party by informing the Receiving Party of the designation in writing, except that depositions shall be treated as set forth in paragraph 5.2(b) above.

5.2.    <u>Inadvertent Failures to Designate</u>.  Inadvertent or unintentional production of documents or things containing Protected Material which are not designated as one or more of the three categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order including, notifying the Producing Party of any disclosure prior to the designation of persons not entitled under this Protective Order to access the designated Protected Material, retrieving all copies of the Protected Material from the recipient(s) thereof, and securing the agreement of the recipient(s) not to further disseminate the Protected Material in any form.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice served on Counsel for the Producing Party of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   Challenging Parties and Designating Parties may proceed to the next stage of the challenge process as set forth in Paragraphs 6.3 and 6.4 only if they have engaged in this meet and confer process first.

6.3.    Judicial Intervention.   If a Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party will initiate, and the Designating Party shall then participate in, the discovery dispute resolution procedures of this Court.   The burden of persuasion in any such challenge proceeding

shall be on the Designating Party.  Frivolous challenges and designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging or Designating Party to sanctions.  Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1.    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and not for any business purpose or in connection with any other legal or administrative proceeding.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

                (a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

                (b)     up to two House Counsel, who are members of at least one state bar in good standing, with responsibility for managing this litigation of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Technical Advisers (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(d)     the court and its personnel;

(e)     independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action, non-technical jury or trial consulting services not including mock jurors, independent legal translators retained to translate in connection with this action, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     up to two senior officers of the Party (1) to whom such disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in the paragraphs below have been followed

(i)_     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a senior officer of the Party any information or item that has been designated "CONFIDENTIAL first must give prior written notice by email to all counsel of record in the litigation of the name and title of such senior officer.

(ii)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified senior officer or employee unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(iii)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party that received the objection will initiate the discovery dispute resolution procedures of this Court.

(iv)    In any such proceeding, the Party opposing disclosure to the senior officer shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its senior officer.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      Technical Advisers of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c)      the court and its personnel; and

(d)      independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action, non-technical jury or trial consulting services not including mock jurors, independent legal translators retained to translate in connection with this action, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

7.4.   Disclosure of "RESTRICTED CONFIDENTIAL – SOURCE CODE" Information or Items.   Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      up to three (3) Technical Advisers of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) as to whom the procedures set forth in paragraph

7.5(a), below, have been followed, and (4) who have been specifically identified as eligible to access Source Code; and

(c)      the court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.

7.5.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" Information or Items to Technical Advisers.

(a)      Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Technical Adviser (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" first must give prior written notice of the intended disclosure by email to all counsel of record in the litigation that (1) sets forth the full name of the Technical Adviser and the city and state of his or her primary residence, (2) attaches a copy of the Technical Adviser's current resume, (3) identifies the Technical Adviser's current employer(s), (4) identifies each person or entity from whom the Technical Adviser has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding four years, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Technical Adviser has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding

four years, and (7) identifies any patents or patent applications as to which the Technical Adviser is identified as an applicant or has any pecuniary interest.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Technical Adviser unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party that received the Objection will initiate the discovery dispute resolution procedures of this Court.

In any such proceeding, the Party opposing disclosure to the Technical Adviser shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Technical Adviser.

7.6.    Use of Protected Material

Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Material under the terms of this Protective

Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

  7.7. <u>Use of Protected Material at Trial</u>

  A party shall provide a minimum of two business day's notice to the Producing Party in the event that a party intends to use any Protected Material during trial.  In addition, the Parties will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the court, during the presentation of any testimony relating to or involving the use of any Protected Material.

8. <u>PROSECUTION BAR</u>

  Any individual who reviews "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" information (all of which shall be automatically designated as "Prosecution Bar Materials") shall not for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of a party asserting a patent in this case.  Furthermore, any person reviewing any of an opposing party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity involving claims on a method, apparatus, or system that relates to electronic multimedia data storage systems.

  Prosecution Activity shall mean any activity related to (1) the preparation or prosecution (for any person or entity) of patent applications relating to electronic multimedia data storage

systems or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, reexamination or reissue application before any domestic or foreign patent office; and/or (2) the acquisition of patents (including patent applications) or the rights to any such patents or patent applications with the  right to sublicense, relating to electronic multimedia data storage systems.  Nothing in this Paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

This Prosecution Bar shall begin upon receipt of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" information by the affected individual and shall end three (3) years after final termination of this action, including any appeals.

This Prosecution Bar does not apply to materials produced by third parties in this case.  A Prosecution Bar for third-party materials produced in this case will be negotiated, agreed upon, and submitted to the Court for approval as needed.

9.      COMPUTER SOURCE CODE AND OTHER SIMILAR INFORMATION

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "RESTRICTED CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Any source code produced in discovery shall be made available for inspection, not produced, except as provided for below, in electronic format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's primary Outside Counsel of Record in this action or another mutually agreed upon location.  The source code shall be made available for inspection on a single, non-networked computer that is password protected and maintained in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the computer containing the Source Code.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(c)      A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the Source Code Review room to view the Source Code and when they enter and depart and the Producing Party shall be entitled to a copy of the log.

(d)      The Receiving Party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer.   The Receiving Party must provide the producing party with

the CD or DVD containing such software tool(s) at least five business days in advance of the inspection.

(e)     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(f)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, Technical Adviser reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (b) in the first instance.  Within 5 business days or such additional time as necessary due to volume requested, the Producing Party shall provide all such source code in paper form on watermarked or colored paper including bates numbers and the label "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  At the inspecting parties request, up to two additional sets (or

subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion.

(g)      If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the parties will file a joint, non-argumentative letter in accordance with the discovery dispute resolution procedures of this Court.

(h)      Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

(i)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken;  (iv) the court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.  The Receiving Party shall further maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party

shall not create any electronic or other images of the paper copies and shall not convert any of

the information contained in the paper copies into any electronic format except as provided

herein.  The Receiving Party may create an electronic copy or image of limited excerpts of

Source Code only to the extent they are (1) necessary to prepare court filings, pleadings, or other

papers (including a testifying expert's expert report), (2) necessary for deposition, or (3)

otherwise necessary for the preparation of its case.  The Receiving Party shall only include such

excerpts as are reasonably necessary for the purposes for which such part of the Source Code is

used.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the

end of each day and must not be given to or left with a court reporter or any other individual.

(j)     The Receiving Party's outside counsel may only disclose a copy of the Source

Code to individuals specified in paragraph 7.4 above.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
      IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED

CONFIDENTIAL – SOURCE CODE" that Party must:

(a)     immediately, and in no event more than three days after receiving the subpoena or

order, notify in writing the Designating Party and its Counsel.  Such notification shall include a

copy of the subpoena or court order;

(b)     immediately notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject

to this Protective Order.  Such notification shall include a copy of this Stipulated Protective

Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED
        IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL</u>

The inadvertent production by a party of any document or information subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the producing party's reasonable efforts to prescreen such document or information prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

Upon a request from any producing party who has inadvertently produced documents or information that it believes is privileged and/or protected, each receiving party shall immediately return such documents or information and all copies to the producing party, except for any pages containing privileged markings by the receiving party which shall instead be destroyed and certified as such by the receiving party to the producing party.

Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced document or information and such other information as is reasonably necessary to identify the document or information and describe its nature to the Court in any motion to compel production of the document or information.

14.     <u>MISCELLANEOUS</u>

14.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.   <u>Export Control</u>.  No Protected Material may leave the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.   With respect to any person qualified to receive Protected Material, the Receiving Party shall take all measures necessary to confirm that such person is entitled to receive Protected Material under the Arms Export Control Act and all rules and regulations promulgated pursuant thereto.

14.4.   <u>Filing Protected Material</u>.  To the extent that Protected Material (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, such materials and papers, or any portion thereof which discloses confidential information, shall be filed (by the filing party) under seal in a manner consistent with the Court's rules.  To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any Protected Material.

14.5.   <u>Advice to Clients</u>.   Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

14.6.   <u>Other Proceedings</u>.   By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

15.   <u>FINAL DISPOSITION</u>

Within 30 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party.   As used in this subdivision, "all Protected Material" includes all correspondence, copies, abstracts, compilations, summaries, memoranda, notes, and any other format reproducing or capturing any of the Protected Material.   With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and (2) affirms that the Receiving Party has not retained any correspondence, copies, abstracts, compilations, summaries, memoranda, notes, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material for archival purposes only.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

     STIPULATED AND AGREED:

/s/      John W. Shaw
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Shaw Keller LLP
800 Delaware Avenue, 4th Floor
Wilmington, DE  19801
Tel:  (302) 476-2050
jshaw@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:

Scott S. Balber (admitted *pro hac vice*)
Robert A. Schwinger (admitted *pro hac vice*)
Paul J. Tanck (admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel.:  (212) 408-5100
Fax:  (212) 541-5369
Email:  sbalber@chadbourne.com
      rschwinger@chadbourne.com
      ptanck@chadbourne.com

/s/      David E. Moore
David E. Moore (#3983)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
jchoa@potteranderson.com

OF COUNSEL:

James C. Yoon
Stefani E. Shanberg
Robin L. Brewer
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 565-3645
Email:  jyoon@wsgr.com
      sshanberg@wsgr.com
      rbrewer@wsgr.com

David H. Evans (admitted *pro hac vice*)
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC  20036
Tel.:  (202) 974-5600
Fax:  (202) 974-5602
Email: devans@chadbourne.com

**COUNSEL FOR PLAINTIFF**
**AVID TECHNOLOGY, INC.**

SO ORDERED:

Dated: _____

                               **COUNSEL FOR DEFENDANT HARMONIC INC.**

_____
The Honorable Gregory M. Sleet
United States District Judge

1065286/38568

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-1040-GMS |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HARMONIC INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print   or   type   full   address],   employed   by   _____

_____ [present employer and occupation], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the District of Delaware on _____ in

the case of *Avid Technology, Inc. v. Harmonic Inc.*, C.A. No. 11-1040-GMS.  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order.  I understand that I am

to retain all copies of any documents designated as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and/or "RESTRICTED

CONFIDENTIAL – SOURCE CODE," or any similar designation, in a secure manner, and that

all copies are to remain in my personal custody until I have completed my assigned duties,

whereupon the copies and any writings prepared by me containing any information designated

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE," or any similar designation, are to be returned to Counsel who provided me with such material.

I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____