**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 11-1040-GMS-SRF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HARMONIC INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendant Harmonic Inc. has served the attached subpoena (Ex. 1) in the above-

referenced action.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James C. Yoon
Stefani E. Shanberg
Robin L. Brewer
Jason M. Garr
Matthew K. Sumida
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304-1050
Tel: (650) 565-3645

By:  /s/ David E. Moore
     David E. Moore (#3983)
     Jonathan A. Choa (#5319)
     Bindu A. Palapura (#5370)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE 19801
     Tel: (302) 984-6000
     dmoore@potteranderson.com
     jchoa@potteranderson.com
     bpalapura@potteranderson.com

Dated: September 24, 2012
1076385 / 38568

*Attorneys for Defendant Harmonic Inc.*

# EXHIBIT 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| Avid Technology Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:11-cv-01040-GMS-SRF |
| Harmonic Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Luis-Felipe Cabrera c/o Intuit Inc.
 c/o Corporation Service Company, 2710 Gateway Oaks Dr. Ste 150N, Sacramento CA 95833

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Wilson Sonsini Goodrich & Rosati<br> 650 Page Mill Road, Palo Alto CA 94304 | Date and Time:<br> 10/10/2012 9:00 am |
|---|---|

The deposition will be recorded by this method:  __Videographic and stenographic means.__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Exhibit A. To be produced by 9:00 am on 10/1/2012 at the following location:

Attn: Matthew Sumida
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road, Palo Alto CA 94304

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___09/19/2012___

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   ___Harmonic Inc.___
_____ , who issues or requests this subpoena, are:

Matthew Sumida
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road, Palo Alto, CA 94304; msumida@wsgr.com; (650) 849-3479

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:11-cv-01040-GMS-SRF

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of Individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A: REQUESTS FOR PRODUCTION

### DEFINITIONS

1.    "Luis-Felipe Cabrera," "You," or "Your" refers to Luis-Felipe Cabrera, the recipient of this subpoena, and any consultants, agents, representatives, attorneys, and other persons acting on behalf of Luis-Felipe Cabrera.

2.    The "'808 Patent" means U.S. Patent No. 6,760,808, and all foreign, divisional, reissue, reexamination or continuation patents, and applications relating to U.S. Patent No. 6,760,808.

3.    The "'309 Patent" means U.S. Patent No. 7,487,309, and all foreign, divisional, reissue, reexamination or continuation patents, and applications relating to U.S. Patent No. 7,487,309.

4.    "Patents-in-Suit" shall mean the '808 Patent and the '309 Patent.

5.    "Person" shall refer to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

6.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    "Any" and "all" shall be understood to include "each and every."

8.    "Include" and "including" shall be understood to mean "including without limitation."

9.    Use of the singular shall also be construed as the plural, and vice-versa.

10.    Use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11.    "Communication" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to electronic Communications and electronic mail ("Email").

12.     "Document" shall include, without limitation, all written, graphic or otherwise recorded material, including without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, Communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written Communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

13.     "Date" means the exact day, month, and year, if ascertainable, or if not, Your best approximation thereof.

14.     "Identify" or "Identity" with respect to an individual shall mean his or her full name, present position and business affiliation, last known business or home address, and last known telephone number.

15.     "Identify" or "Identity" with respect to an entity shall mean its full name, the current or last known address of its principal office or place of business, its current or last known telephone number, and the type of entity (e.g., corporation, partnership, unincorporated association).

16.     "Identify" or "Identity" with respect to a Document shall mean the Date the Document was created, the author of the Document, the recipient of the Document, any Person receiving a copy of the Document by "cc," "bcc," or otherwise, a basic description of the nature of

-2-

the Document, and the title of the Document. Documents to be Identified include Documents in Your possession, custody, or control, Documents known by You to have existed but no longer exist, and other Documents of which You have knowledge or information.

17.     "Identify" or "Identity" with respect to a product or service shall mean the product or service name, commercial or trade name, manufacturer, producer or service provider, model or version number, part number, type, description, or any other representative designation.

18.     "Identify" or "Identity" with respect to a Communication shall mean the Date of the Communication, the Identity of all Documents relating to such Communications, a description of the content and substance of the Communication, the Identity of Persons who received or were involved in the Communication, and the Identity of the Person or Persons most knowledgeable about the Communication.

19.     "Regarding," "relating to," "referring to," and "concerning" shall mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, embodying, evidencing, identifying, involving, mentioning, referring to, reflecting, regarding, relating to, reporting on, stating, dealing with, or in any manner pertaining to.

## INSTRUCTIONS

1.     This subpoena seeks Documents and things to the full extent permitted by the Federal Rules of Civil Procedure.

2.     This subpoena shall apply to all Documents and things in Your possession, custody, or control as of the Date of service hereof or coming into Your possession, custody or control prior to the Date of the production.

3.     In answering the following Document Requests in this subpoena, furnish all available information, including information in the possession, custody, or control of any of Your attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If You cannot fully

-3-

respond to the following Document Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Document Request that cannot be responded to fully and completely.  In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Document Request cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such Document Requests.

4.     Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5.     Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

6.     File folders with tabs or labels or directories of files Identifying Documents must be produced intact with such Documents.

7.     Each Document Request seeks production of the Documents in their entirety, without abbreviation or expurgation, including all attachments or affixed materials.  Documents attached to each other shall not be separated.

8.     If any information requested is claimed to be privileged or otherwise, please provide all information falling within the scope of the Document Request which is not privileged, and for each item of information contained in a Document to which a claim of privilege is made, Identify such Document with sufficient particularity for purposes of a motion to compel, such Identification to include at least the following:

     a.   the basis on which the privilege is claimed;

     b.   the names and positions of the author of the Document and all other Persons participating in the preparation of the Document;

    c.   the name and position of each individual or other Person to whom the Document, or a copy thereof, was sent or otherwise disclosed;

    d.   the Date of the Document;

    e.   a description of any accompanying material transmitted with or attached to such Document;

    f.   the number of pages in such Document; and,

    g.   the particular Document Request to which such Document is responsive; and whether any business or non-legal matter is contained or discussed in such Document.

9.     If Your response to a particular Document Request is a statement that You lack the ability to comply with that Document Request, You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any Person or entity known or believed by You to have possession, custody, or control of that information or category of information must be Identified.

## REQUESTS FOR PRODUCTION

1.      Documents sufficient to Identify: (i) each version of Swift in existence prior to December 24, 1997; and (ii) each product and/or service using, running, or otherwise implementing any version of Swift in existence prior to December 24, 1997.

2.      All Documents relating to the research, design, development, and testing of each version of Swift in existence prior to December 24, 1997.

3.      Documents sufficient to show the design, structure, function, and operation of each version of Swift in existence prior to December 24, 1997, including but not limited to white papers, architectural documents, design specifications, technical memoranda, marketing requirement documents, functional requirement documents, customer support guides, marketing literature, product documents, FAQs, and operating or user manuals.

4.      All source code and executable versions of Swift in existence prior to December 24, 1997.

5.      All Documents relating to the first public disclosure and first public use or demonstration of each version of Swift in existence prior to December 24, 1997, including but not limited to product brochures, press releases, promotional materials, and advertising materials.

6.      Documents sufficient to Identify the Date that You began offering for sale, providing, selling, and/or licensing each version of Swift in existence prior to December 24, 1997, including but not limited to products and/or services using, running, or otherwise implementing any version of Swift.

7.      Documents sufficient to show all sales, offers for sale, or public availability of each version of Swift in existence prior to December 24, 1997, including but not limited to products and/or services using, running, or otherwise implementing any version of Swift.

8.      Documents sufficient to Identify the Persons most knowledgeable regarding each version of Swift in existence prior to December 24, 1997.

9.      Documents sufficient to Identify: (i) each data storage product that operates in a manner similar to Swift; and (ii) each data storage product that allocates disk space without a global or central control mechanism.

10.     All Documents tending to invalidate the Patents-in-Suit, including but not limited to Documents concerning to the use, disclosure, sale, offer for sale, and/or testing of any software, hardware, system, or method related to data storage systems and/or computer file systems in existence prior to December 24, 1997.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of **LUIS-FELIPE CABRERA c/o**

**INTUIT INC. SUBPEONA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** was

served on the following counsel for Plaintiff Avid Technology, Inc., via electronic mail on

September 21, 2012.

> John W. Shaw, Karent E. Keller (SKAvid@shawkeller.com)
> David H. Evans (devans@chadbourne.com)
> Scott S. Balber (sbalber@chadbourne.com)
> Robert A. Schwinger (rschwinger@chadbourne.com)
> Paul J. Tanck (ptanck@chadbourne.com)
> Michael S. Davi (mdavi@chadbourne.com)
> Tod M. Melgar (tmelgar@chadbourne.com)

/s/ Danielle Fernandes
Danielle Fernandes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 24, 2012, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on September 24, 2012, the attached document was Electronically

Mailed to the following person(s):

John W. Shaw
Karen E. Keller
Andrew Russell
Shaw Keller LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
SKAvid@shawkeller.com

Scott S. Balber
Robert A. Schwinger
Paul J. Tanck
Michael S. Davi
Tod M. Melgar
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
sbalber@chadbourne.com
rschwinger@chadbourne.com
ptanck@chadbourne.com
mdavi@chadbourne.com
tmelgar@chadbourne.com

David Howard Evans
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, DC 20036
devans@chadbourne.com

By:   /s/ David E. Moore
      David E. Moore
      Jonathan A. Choa
      Bindu A. Palapura
      POTTER ANDERSON & CORROON LLP
      Tel: (302) 984-6000
      dmoore@potteranderson.com
      jchoa@potteranderson.com
      bpalapura@potteranderson.com

1037642/38568