# SHAW KELLER LLP

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com

November 7, 2012

**BY CM/ECF AND E-MAIL**
The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 14, Room 3124
Wilmington, DE 19801

      Re:  *Avid Technology Inc.* v. *Harmonic Inc.*, Case No. 11-1040-GMS-SRF
           Discovery Teleconference Scheduled for Friday, Nov. 9, 2012 at 10:00 AM
           Per Order dated Nov. 5, 2012 (D.I. No. 69)

Dear Magistrate Judge Fallon:

      We represent Plaintiff Avid Technology Inc. ("Avid") in this patent infringement action. Pursuant to the Court's November 5, 2012 Order, we respectfully submit this letter to outline the issues in the parties' discovery dispute (concerning modification of Your Honor's June 4, 2012 Scheduling Order in view of document preservation issues and related delays in discovery by Defendant Harmonic, Inc. ("Harmonic")) and to set forth Avid's position on these issues. The parties have not previously sought an extension of the schedule.

      **Background and Overview.** This is a patent infringement action filed on October 28, 2011, in which Avid contends that Harmonic is infringing two of Avid's patents relating to data storage technology. The Court entered a Scheduling Order on June 4, 2012 (D.I. No. 34). Most recently, the parties had a status conference with Your Honor on September 10, 2012.

      Since that conference, Avid took a technical deposition of the only witness Harmonic could make available before November, and had scheduled four additional depositions of Harmonic deponents for the week of November 12. Avid also had made three Avid deponents available the week of November 5, supplemented its regular document production, and completed its custodial e-mail production. Harmonic, however, has not yet completed its custodial production, which delay then forced Avid to postpone several of the depositions scheduled for early November.

      Avid originally provided Harmonic its list of requested custodians and search terms on September 19, 2012, in accordance with the Scheduling Order. Thereafter, on September 21, 2012 Harmonic advised Avid that it might have preservation issues with respect to two custodians but was continuing its search. On October 16, 2012 Avid followed-up with Harmonic regarding this issue without resolution. Finally on October 24, 2012, at Avid's further prompting, Harmonic admitted it had not preserved e-mails and would not be making production for the two

# SHAW KELLER LLP

Page 2

requested custodians. Avid thereafter identified two alternate custodians whose documents have not yet been produced.

On October 24, 2012, it became apparent that Harmonic's custodial production would not be forthcoming and that depositions would need to be postponed. Thereafter, the hurricane in the Northeast impacted Avid's ability to prepare for depositions. The parties conferred over the following days regarding a modification of the schedule but could not reach agreement on terms, other than that the close of fact discovery should be extended two months, to January 31, 2013.

Avid requests that in view of these circumstances the Court should extend the close of fact discovery and modify the dates for claim construction briefing and expert discovery in a way that maintains the current Markman hearing and dispositive motion cut-off dates. Harmonic's proposal seeks to alter those dates. The table below outlines the present schedule and the Avid and Harmonic proposals:

| Case Event | Present Schedule | Avid's Proposed Schedule | Harmonic's Proposed Schedule |
|---|---|---|---|
| Fact Discovery Close | 11/30/12 | 1/31/13 | 1/31/13 |
| Opening Claim Const. Briefs | 12/6/12 | 1/25/13 | 1/18/13 |
| Responsive Claim Const. Briefs | 12/20/12 | 2/8/13 | 2/8/13 |
| Opening Expert Reports | 1/10/13 | 2/1/13 | 3/29/13 |
| Opposition Expert Reports | 2/7/13 | 3/1/13 | 4/29/13 |
| Markman Hearing | 3/5/13 | 3/5/13 | 3/5/13 |
| Expert Discovery Close | 3/15/13 | 3/15/13 | 5/17/13 |
| Case Dispositive Motions | 4/12/13 | 4/12/13 | 6/7/13 |

**Issues Raised.** Because Harmonic's delay in making its custodial production made the existing schedule untenable, Avid should not be forced to have the overall case delayed in order to obtain relief. The specific case events and dates as to which the parties disagree are as follows:

*Close of Fact Discovery.* The parties agree that the close of fact discovery should be extended until January 31, 2013.

*Expert Discovery/Dispositive Motions.* The parties agree that the expert discovery schedule should be adjusted but disagree on the dates. The parties also disagree on any need to extend the dispositive motions deadline.

Avid's position is that the expert discovery schedule can fairly and reasonably be modified in the confines of the proposed schedule so as not to disturb the Court's dispositive motion deadline. Harmonic, however, seeks to parlay its document production delays into an

# SHAW KELLER LLP

Page 3

overall case delay, arguing that the schedule for expert reports and dispositive motions should be pushed out two months because of the two-month extension of fact discovery. Avid disagrees.

First, Avid does not wish to delay resolution of this case and should not be prejudiced in reaching resolution due to Harmonic's delays. Second, Avid's proposed schedule, which maintains the existing dispositive motion date, is fair and reasonable. The purpose of the two-month extension of fact discovery was not due to the volume of that discovery, but rather to Harmonic's delay in production, which then brought into play the number of holidays in November, December and January, and the expected difficulties in scheduling at least eight non-party depositions during these holiday periods. These issues, however, do not impinge on Harmonic's ability to move forward with expert discovery or dispositive motions.

*Claim Construction Briefing*. On a more minor note, the parties agree that the claim construction briefing schedule should be modified but could not reach agreement on dates. Avid's proposal regarding claim construction briefing maintains the Markman hearing date and the existing two-week period to file opposition briefs. Harmonic's proposed schedule seeks to have opening briefs due a week earlier than Avid's proposal and to increase the time period for filing opposition briefs to three weeks. Avid's position is that there is no reason to alter the current structure of claim construction briefing, and that given the video tutorial that is due with opening briefs, the parties are better served by having an extra week to prepare the opening briefs and tutorials.

**Requested Relief.** For the foregoing reasons, Avid respectfully requests that the Court adopt Avid's proposed modification to the Court's June 4, 2012 scheduling Order. We thank the Court for its attention to this matter and look forward to addressing these issues with the Court on November 9, 2012.

Respectfully submitted,

/s/ Andrew Russell

Andrew E. Russell

VIA ECF
cc: All counsel of record (via ECF)