

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302 658-1192  Fax

December 17, 2012

**VIA ECF AND E-MAIL**

The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 14, Room 3124
Wilmington, DE  19801-3555

> Re: *Avid Technology Inc. v. Harmonic Inc.*, United States District Court, District of Delaware, Case No. 1:11-cv-01040-GMS
> Discovery Teleconference Scheduled for December 18, 2012 at 11:00 a.m.

Dear Magistrate Judge Fallon:

We represent Defendant Harmonic Inc. ("Harmonic") in this action.  Pursuant to the Court's December 11, 2012 Order, we respectfully submit this letter to set forth Harmonic's position on the issues presented by Avid's letter dated December 14, 2012.  This dispute focuses on whether Avid's identification of 51 complete source code files for paper copies complies with Paragraph 9 of the Protective Order, which provides "the Receiving Party may request paper copies of <u>limited portions</u> of source code that are <u>reasonably necessary</u> for the preparation of court filings, pleadings, Technical Adviser reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (b) in the first instance…".  This provision makes clear that Avid is required to perform the review electronically in the source code review room where the environment is controlled and may not print source code in order to perform the analysis of source code calls and links elsewhere.  Further, Avid is only allowed to print limited portions of the source code that are reasonably necessary for the enumerated activities, requiring Avid to make a good faith effort to identify the limited portions of source code that will be used in expert reports or other court documents.  Avid's request to print the entirety of 51 source code files does not comply with this provision of the source code.

**Background.**  On September 14, 2012, Harmonic informed Avid that Harmonic's source code was available for review.  Avid, however, refused to review Harmonic's source code. Instead, Avid insisted it needed a deposition of a Harmonic engineer before reviewing Harmonic's source code.  Avid further insisted that the deposition had to occur immediately and Avid could not wait for the 30(b)(6) depositions that had been scheduled for November.  Avid requested Harmonic provide Mr. Alex Mitaru as a witness and Harmonic accommodated Avid, flying Mr. Mitaru from Oregon to California for his deposition on October 10, 2012.

The Honorable Sherry R. Fallon
December 17, 2012
Page 2

Even after the deposition of Mr. Mitaru, Avid continued to refuse to review Harmonic's source code. Harmonic, on the other hand, moved expeditiously to review Avid's source code. Harmonic spent three days, from October 17-19, reviewing Avid's source code with a technical adviser. For the most part, the review started at 9 a.m and ended at 6 p.m. During the review, Harmonic identified by line number the limited portions of source code that it considered reasonably necessary for expert reports and other aspects of the case. Harmonic printed to PDF the identified portions of source code and requested Avid print paper copies of the PDFs.

On November 9, 2012, two months after the code was made available and one month after the deposition of Mr. Mitaru, Avid finally indicated that it would review Harmonic's source code on November 16, 2012, the day after the 30(b)(6) deposition of Harmonic's technical witness. Avid began its review at 10 a.m. At the beginning of the review, per the terms of the Protective Order, Avid was instructed to print to PDF the lines of source code for which it was requesting paper copies, the exact process Harmonic had used during the review of Avid's source code. Avid refused. Instead of identifying the relevant lines of source code, at 4 p.m. Avid presented Harmonic with a list of complete files. As the next week was Thanksgiving, Harmonic requested additional time to get client approval because Harmonic had a company-wide shutdown during the week of Thanksgiving. On November 29, 2012, Harmonic objected to Avid's request of paper copies of the identified source code and explained the basis for Harmonic's objection. Harmonic further elaborated the grounds of its objections in email and during a meet and confer and also offered to make the source code review computer available for further review. On December 11, 2012, Harmonic produced to Avid paper copies of the files of source code that it did not object to.

**Issues Raised.** Avid mischaracterizes the dispute between the parties. First, Avid claims that Harmonic is withholding the source code without explanation. Harmonic, however, has explained to Avid on multiple occasions that identification of only complete files of source code violates Paragraph 9(f) of the Protective Order as it does not represent limited portions of source code that are reasonably necessary for the enumerated activities. Certain of the source code files identified by Avid are over a hundred pages. The identification of hundreds of pages of code lacks the specificity required under the Protective Order, which requires that only code "reasonably necessary" be printed for use in this case. Avid has not—and, indeed, cannot—suggest that the hundreds of pages of code in a large file are "reasonably necessary" to this case. Harmonic has reviewed the code files identified by Avid. This review has led Harmonic to conclude that not every line of the withheld source code files is reasonably necessary for the purposes articulated in the Protective Order and, in fact, there are significant sections that do not appear to have any conceivable relevance to this case. The only conclusion Harmonic can make from Avid's request is that Avid is intending to review Harmonic's confidential source code by non-electronic means apart from WSGR's secure review facilities, in contravention of the Protective Order.

Avid further claims that Harmonic's only objection is the volume of the source code requested. Harmonic has repeatedly explained this is not the case. Harmonic agrees the 1027 pages of requested source code likely represents only a small portion of the total source code made available for review. It is not the volume of source code to which Harmonic objects. Rather, Harmonic objects to the production of entire source code files when it appears that there

The Honorable Sherry R. Fallon
December 17, 2012
Page 3

has been no effort by Avid to identify the limited portions of source code by line number as required by the Protective Order. Harmonic completed three full days of source code review. In contrast, Avid spent less than a full day reviewing Harmonic's source code. Even with the depositions, that is not sufficient to time to perform a comprehensive review of the source code, as demonstrated by Avid's failure to identify specific line numbers in Avid's request for paper copies. Moreover, Avid took the position during the last source code dispute with the Court that because it was Avid's source code being reviewed, Avid was "entitled to have assurances that there are procedures followed, but they don't have to rely on the good faith of any individual for how things were protected." October 18 Hearing Tr. at 20:13-17. In this instance, it's Harmonic's source code, but the logic is the same. Harmonic has a right to insist that its intellectual property be properly protected and Avid comply with the procedures set forth in the Protective Order.

Avid also argues that Harmonic's position is nonsensical and ignores the structure of source code. As Harmonic previously explained, Avid is not limited to printing only one portion of each file. Rather, Avid may identify multiple portions of code from the same file as long as those portions are reasonably necessary. The reality is that source code frequently makes calls to other files or modules defined in other sections of the same file. This can be addressed by printing multiple portions of code from the same file, which is how a source code review is usually performed and how Harmonic performed its review of Avid's source code.

Finally, Avid argues that Harmonic's production of 369 pages of code somehow undermines Harmonic's argument. Harmonic's production of code demonstrates that it is not withholding code unnecessarily. It produced those files for which it has not objection. For the remaining files, Harmonic objects that Avid did not identify the limited portions of source code reasonably necessary for the enumerated activities as required by Paragraph 9(f) of the Protective Order because it identified entire files instead of the relevant line numbers.

**Requested Relief.** For the foregoing reasons, Harmonic respectfully requests that the Court require Avid to identify the limited portions of the source code reasonably necessary for the purposes articulated in the Protective Order.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:cet
1086948/38568

cc:   Clerk of Court (via hand delivery)
      Counsel of Record (via electronic mail)