IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1040-GMS-SRF |
| | ) | |
| HARMONIC INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>NOTICE OF SUBPOENAS</u>**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Plaintiff Avid Technology, Inc. has served copies of the attached subpoenas directed

to Christopher J. Palermo, Hickman Palermo Truong Becker Bingham Wong LLP, and

Lawrence Kaplan.

OF COUNSEL:
Robert A. Schwinger
Tod M. Melgar
Michael S. Davi
Paul J. Tanck
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100

David H. Evans
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC 20036
(202) 974-5600

Dated: January 2, 2013

*/s/ David M. Fry*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
David M. Fry (No. 5486)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
dfry@shawkeller.com
*Attorneys for Plaintiff Avid Technology, Inc.*

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Avid Technology, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    11-1040-GMS-SRF |
| | ) |
| Harmonic Inc. | )    (If the action is pending in another district, state where: |
| *Defendant* | )       District of Delaware       ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Hickman Palermo Truong Becker Bingham Wong LLP, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All communications with Omneon, Inc. or Harmonic Inc. related to the Opinion of Counsel issued January 12, 2011.

| Place: | Date and Time: |
|---|---|
| Chadbourne & Parke LLP | |
| 30 Rockefeller Plaza, New York, NY 10112 | 1/20/2013 |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  12/31/2012

*CLERK OF COURT*

                                        OR

| | |
|---|---|
| | /s/ Tod M. Melgar |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Avid Technology, Inc.
                                                , who issues or requests this subpoena, are:

Tod M. Melgar
Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York 10112
tmelgar@chadbourne.com, (212) 408-5462

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   11-1040-GMS-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unles s required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Avid Technology, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-1040-GMS-SRF |
| | ) | |
| Harmonic Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Lawrence Kaplan, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Merrill Corporation<br>        1731 Embarcadero Road<br>        Palo Alto, CA 94303 | Date and Time:<br>1/16/2013  9:00 am |
|---|---|

  The deposition will be recorded by this method:  Stenographic and audio/video recording

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

  See Attachment A.

  The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  12/31/2012

           *CLERK OF COURT*

                                                                    OR

_____          /s/ Tod M. Melgar
        *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Avid Technology, Inc.
_____ , who issues or requests this subpoena, are:

Tod M. Melgar
Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York 10112
tmelgar@chadbourne.com, (212) 408-5462

Civil Action No.   11-1040-GMS-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                         _____
                                                            *Printed name and title*

                                         _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

ATTACHMENT A

DEFINITIONS

General

1.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and things" in Fed. R. Civ. P. 34, including e-mail, electronic documents and files, and all forms of electronically-stored information ("ESI"). A draft or non-identical copy or copy with marginalia of any kind is a separate document within the meaning of this term.

2.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "Person" means any natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or any other business, legal, or governmental entity.

Parties

4.     "You" or "Your" means the Person to whom this subpoena is directed.

5.     "Avid" means Avid Technology, Inc. as well as its directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

6.     "Harmonic" means Harmonic Inc. and any predecessor(s) or acquired entity, including but not limited to Omneon, Inc., as well as each of their directors, officers, employees, agents, contractors, subcontractors, programmers, distributors, salespersons, and sales representatives.

**Additional Terms**

7.      "Accused Instrumentalities" mean any of the products (hardware and software) consisting of or associated with the product and/or system marketed and/or sold by Harmonic as "Omneon MediaGrid", which includes but is not limited to ContentServer, ContentStore, ContentDirector, ContentBridge, Content Manager, System Manager and File System Driver (FSD).

8.      "Patents-In-Suit" mean United States Patent Nos. 6,760,808 and 7,487,309.

9.      The "Action" means the action <u>Avid Technology, Inc.</u> v. <u>Harmonic Inc.</u>, pending in the United States District Court for the District of Delaware, Civil Action No. 11-1040-GMS-SRF.

## INSTRUCTIONS

1.      <u>Rules of Construction</u>.  The following rules of construction should be applied to this subpoena:

(a)      <u>All/Each</u>.  The term "all" and "each" shall be construed as all and each.

(b)      <u>Any</u>.  The term "any" means one or more.

(c)      <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

(d)      <u>Concerning</u>.  The term "concerning" means discussing, describing, relating to, pertaining to, referring to, containing, analyzing, studying, reporting on, commenting on, evidencing, setting forth, considering, recommending or constituting, in whole or in part.

(e)      <u>Including / E.g</u>.  The terms "including" and "<u>e.g.</u>" shall be construed to mean including but not limited to.

(f)      <u>Number</u>.  The use of the singular form of any word includes the plural and vice versa.

(g)      <u>Gender</u>.  The masculine form of a noun or pronoun includes the feminine form and vice versa.

2

(h)   Parties/Persons. A party's or a person's full or abbreviated name or any pronoun referring to that party or person means that party or person (and any and all of them in the case of plural parties or persons), and any and all subsidiaries, affiliates, parents, predecessors, or successors, any or all divisions thereof, and any and all individuals, present and former officers, directors, representatives, agents, employees, general partners, attorneys, independent consultants or experts, investment bankers, or other persons acting or purporting to act on behalf of it or them, or which acted or purported to act on behalf of it or them.

2.   Production of Documents. In producing documents responsive to this subpoena, You shall do so in accordance with the requirements of Fed. R. Civ. P. 45(d) and shall furnish all documents within Your possession, custody, or control, regardless of whether these documents are possessed directly by You or by your present or past agents, employees, representatives, investigators, or attorneys.

3.   Objections. Where an objection is made to any item of this subpoena or portion thereof, the objection shall state with specificity all grounds. No part of any item of this subpoena shall be left unanswered because an objection is made to any other part thereof.

4.   Privilege. Where a claim of privilege (which term, as used herein, includes claims that material is protected from discovery under the attorney work-product doctrine or as trial preparation material) is asserted in objecting to any item of this subpoena or portion thereof, and documents are withheld from production on the basis of such assertion:

(a)   Specification of Privilege Claimed. The objection to the item of this subpoena or portion thereof shall identify the nature of the privilege which is being claimed.

(b)   Privilege List. The following information respecting a document that allegedly is privileged shall be provided in the objection, or in an accompanying schedule, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i)   identify the allegedly privileged document;

(ii)   where not apparent, state the relationship of the document's author(s) and its addressee(s)/recipient(s) to each other; and

3

(iii) provide such other information as is necessary and sufficient to identify the document for a subpoena duces tecum, to enable other parties to assess the applicability of the privilege being claimed, and/or to comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

(c) <u>Labeling of Redactions</u>. Any portion of any document produced in redacted form (whether for privilege or any other reason) shall be clearly labeled as "redacted", and not simply produced as blank space.

5.    <u>No Limitations</u>.  No item of this subpoena or part thereof shall be construed as a limitation on any other item of this subpoena or part thereof.

6.    <u>Confidential Information</u>.  Sections 5 and 11 of the Stipulated Protective Order in the Action, dated June 29, 2012 (copy attached), contain a procedure for the protection of confidential information that non-parties may be called upon to produce.

**DOCUMENT REQUESTS**

1.    All documents or communications concerning the design, research, development, testing and/or programming of the Accused Instrumentalities, including sketches, prints, images, electronic information, written descriptions, test data, notebooks, minutes, and reports.

2.    Documents sufficient to identify all persons who participated in the design, development, or programming of the Accused Instrumentalities, and each person's role.

3.    All documents or communications concerning any study, analysis, reverse engineering, and/or copying of Avid's A Flock of Servers, Unity or ISIS systems, or the subject matter claimed in the Patents-In-Suit.

4.    All documents or communications concerning all design proposals and design alternatives for the Accused Instrumentalities considered or known by You.

5.    All documents or communications concerning efforts to design around the Patents-In-Suit.

4

6.    All user manuals, technical specifications, and/or design documentation concerning the Accused Instrumentalities.

7.    All documents or communications concerning the structure, function, and operation of the Accused Instrumentalities.

8.    All documents or communications concerning the Patents-In-Suit, including Your or Harmonic's first awareness of the Patent-In-Suit and the circumstances of such awareness.

9.    All documents or communications concerning any attempts to design around the Patents-In-Suit.

10.    All documents or communications concerning Avid's A Flock of Servers, Unity or ISIS systems, including Your or Harmonic's first awareness of Avid's A Flock of Servers, Unity or ISIS system and the circumstances of such awareness.

11.    All documents or communications discussing the features of the Accused Instrumentalities, including press releases, advertisements, brochures or other marketing materials.

12.    All documents or communications concerning the market for the Accused Instrumentalities including, any competitor products, market studies, comparisons or analysis of competitor products, or demand for the Accused Instrumentalities.

13.    All communications between you and anyone, including Harmonic, colleagues, and former colleagues, regarding Avid's A Flock of Servers, Unity or ISIS systems, the Patents-In-Suit, or the present law suit captioned above.

14.    All documents or communications concerning Harmonic's decision to develop the Accused Instrumentalities.

15.     All documents or communications concerning Harmonic's manufacture and distribution of the Accused Instrumentalities.

16.     All documents or communications concerning commercial success of the Accused Instrumentalities, including any industry praise or awards.

17.     All documents or communications concerning any opinions of counsel related to the infringement or validity of the Patents-In-Suit.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Avid Technology, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   11-1040-GMS-SRF |
| | ) |
| Harmonic Inc. | ) (If the action is pending in another district, state where: |
| _Defendant_ | )         District of Delaware         ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Christopher J. Palermo, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Merrill Corporation 1731 Embarcadero Road Palo Alto, CA 94303 | Date and Time: 1/25/2013  9:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and audio/video recording

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

All communications with Omneon, Inc. or Harmonic Inc. relating to the 6,760,808 B2 or 7,487,309 B2 patents.  All communications with Omneon, Inc. or Harmonic Inc. relating to the Opinion of Counsel issued January 12, 2011.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   12/31/2012

| CLERK OF COURT | |
|---|---|
| | OR |
| _Signature of Clerk or Deputy Clerk_ | /s/ Tod M. Melgar _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Avid Technology, Inc.
, who issues or requests this subpoena, are:

Tod M. Melgar
Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, New York 10112
tmelgar@chadbourne.com, (212) 408-5462

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11-1040-GMS-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                         _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).