# EXHIBIT D

FEB-06-04 FRI 03:43 PM   AVID TECH LEGAL        FAX NO. 978 851 7216        P. 03

**RECEIVED**
**CENTRAL FAX CENTER**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**        FEB 0 6 2004

OFFICIAL

| | | |
|---|---|---|
| Appl. No.: | 10/186,929 | Confirmation No. 1515 |
| Applicant: | Eric C. Peters et al. | |
| Filed: | July 1, 2002 | |
| For: | COMPUTER SYSTEM AND PROCESS FOR TRANSFERRING MULTIPLE HIGH BANDWIDTH STREAMS OF DATA BETWEEN MULTIPLE STORAGE UNITS AND MULTIPLE APPLICATIONS IN A SCALABLE AND RELIABLE MANNER | |

*5/A*

*2/14 04*

Art Unit:      2186
Examiner:    Pierre-Michel Bataille

Docket No.:   A1997017C3
Cust. No.:     26643

---

CERTIFICATE OF FACSIMILE TRANSMISSION UNDER 37 C.F.R. §1.8(a)

The undersigned hereby certifies that this document is being transmitted to the United States Patent and Trademark Office, Technology Center 2100, facsimile number 703-872-9306, on February 6, 2004.

Peter J. Gordon, Reg. No. 35,164

---

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**REPLY**

Sir:

In response to the Office action of August 27, 2003, the Applicant submits this Reply.

The Applicant hereby petitions for a **three-month extension of time** to submit this Reply.

**Amendments to the Specification** begin on page 2.

**Amendments to the Claims** begin on page 3.

**Remarks** begin on page 9, of which the **Conclusion** is on page 13.

AVID0000189

FEB-06-04 FRI 03:43 PM   AVID TECH LEGAL        FAX NO. 978 851 7216        P. 04

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

## AMENDMENTS TO THE SPECIFICATION

Please insert as the first paragraph of the application, beginning at page 1, line 5, the following new paragraph:



This application claims the benefit under 35 U.S.C. §120, and is a continuation, of:

1. U.S. Patent Application 09/006,070, filed January 12, 1998, now U.S. Patent No. 6,415,373, issued July 2, 2002, which is a continuation of U.S. Patent Application 08/997,769, filed December 24, 1997, now abandoned; and

2. U.S. Patent Application Serial No. 08/997,769, filed December 24, 1997, now abandoned.

PAGE 4/15 * RCVD AT 2/6/2004 3:40:51 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:978 851 7216 * DURATION (mm-ss):06-00

AVID0000190

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application.

1. (Currently Amended)  A distributed data storage system for allowing one or more client systems to access data, comprising:

a plurality of independent storage units for storing data, the data;

wherein the data is stored on the plurality of storage units in files, wherein each file includes segments of data and redundancy information for each segment, wherein each segment has an identifier, and wherein, for each file, the copies of segments of data and the redundancy information for each segment stored on the storage units are randomly distributed among the plurality of storage units;

wherein each storage unit comprises:

means for maintaining information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit;

means for receiving a request from one of the client systems for a segment of a file, wherein a request includes the identifier of the segment of the file; and

means, operative in response to a request from one of the client systems for a segment of a file, for retrieving the requested segment of the file from the storage unit using the information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit; and

means for sending the requested segment to the client system.



2. (Currently Amended)  The distributed data storage system of claim 1, wherein the redundancy information for a segment is a copy of the segment and wherein each copy of each segment is stored on a different one of the storage units.

3. (Currently Amended)  The distributed data storage system of claim 2, wherein each copy of each segment is randomly or pseudorandomly assigned to one of the plurality of storage units according to a probability distribution defined as a function of relative specifications of the

PAGE 5/15 * RCVD AT 2/6/2004 3:40:51 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:978 851 7216 * DURATION (mm-ss):05-00

AVID0000191

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

storage units.

4. (Currently Amended) The distributed data storage system of claim 1, further comprising a computer-readable medium having computer-readable logic stored thereon and defining a segment table accessible by a computer using an indication of a segment of data to retrieve indications of the storage units from the plurality of storage units on which ~~the copies of the segment are~~ each segment is stored.

5. (Original) The distributed data storage system of claim 1, wherein the plurality of storage units comprises:

 a first storage unit connected to a computer network;
 a second storage unit connected to the computer network; and
 a third storage unit connected to the computer network.

6. (Currently Amended) A file system for a computer, enabling the computer to access remote independent storage units over a computer network in response to a request, from an application executed on the computer, to read data stored in one or more files on the storage units, wherein a file includes ~~copies of~~ segments of the data and redundancy information for each segment, wherein each segment has an identifier, and wherein, for each file, the segments and the redundancy information for each segment are ~~randomly~~ distributed among the plurality of storage units, the file system comprising:

 means, responsive to the request from the application to read data from a file, for determining ~~selecting~~, for each segment of the ~~selected~~ data requested by the application, ~~one of~~ the storage unit ~~units~~ on which the segment is stored;

 means for maintaining information, locally accessible by the file system of the computer, associating the identifier of each segment of the file with the storage unit on which the segment is stored;

 means, for ~~reading each segment of the requested data~~ sending a request, for each segment of the data requested by the application, to ~~from~~ the ~~selected~~ storage unit ~~for~~ on which the segment is stored, wherein each request includes the identifier of the segment; ~~and~~

 means for receiving each segment requested from the storage units; and

Page 4 of 13

AVID0000192

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

means for providing the underlined received data to the application ~~when the data is received from the selected storage units~~.

7. (Currently Amended)  The file system of claim 6, wherein redundancy information for each segment includes a copy of the segment, and wherein the means for determining the storage unit on which the segment is stored includes means for selecting one of the storage units on which the segment is stored ~~selects the storage unit~~ such that a load of requests on the plurality of storage units is substantially balanced.

8. (Original)  The file system of claim 7, wherein the means for selecting selects the storage unit for the segment according to an estimate of which storage unit for the segment has a shortest estimated time for servicing the request.

$A2$

9. (Original)  The file system of claim 8, wherein the means for selecting includes:
in the file system:
      means for requesting data from one of the storage units, indicating an estimated time;
      means for requesting data from another of the storage units, indicating an estimated time, when the first storage unit rejects the request; and
      means for requesting the data from the first storage unit when the second storage unit rejects the request; and
in each storage unit:
      means for rejecting a request for data when the request cannot be serviced by the storage unit within the estimated time; and
      means for accepting a request for data when the request can be serviced by the storage unit within the estimated time.

10. (Currently Amended)  The file system of claim 7, wherein the means for sending a request ~~reading each segment~~ comprises means for scheduling the transfer of the data from the ~~selected~~ storage unit such that the storage unit efficiently transfers data.

Page 5 of 13

AVID0000193

FEB-06-04 FRI 03:45 PM   AVID TECH LEGAL          FAX NO. 978 851 7216          P. 08

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

11. (Currently Amended)  The file system of claim 10, wherein the means for scheduling

transfer includes:

in the file system:

    means for requesting transfer of the data from the selected storage unit, indicating a

waiting time;

    means for requesting the data from another storage unit when the selected storage unit

rejects the request to transfer the data; and

in the storage unit:

    means for rejecting a request to transfer data when the data is not available to be

transferred from the storage unit by the indicated waiting time; and

    means for transferring the data when the selected storage unit is able to transfer the data

within the waiting time.

A2

12. (Currently Amended)  The file system of claim 6, wherein the means for sending a request

reading each segment comprises means for scheduling the transfer of the data from the selected

storage unit such that the storage unit efficiently transfers data.

13. (Original)  The file system of claim 12, wherein the means for scheduling transfer includes:

in the file system:

    means for requesting transfer of the data from the selected storage unit, indicating a

waiting time;

    means for requesting the data from another storage unit when the selected storage unit

rejects the request to transfer the data; and

in the storage unit:

    means for rejecting a request to transfer data when the data is not available to be

transferred from the storage unit by the indicated waiting time; and

    means for transferring the data when the selected storage unit is able to transfer the data

within the waiting time.

PAGE 8/15 * RCVD AT 2/6/2004 3:40:51 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:978 851 7216 * DURATION (mm-ss):08-09

AVID0000194

FEB-06-04 FRI 03:45 PM   AVID TECH LEGAL          FAX NO. 978 851 7216          P. 09

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

14. (Currently Amended) The file system of claim 6, wherein the ~~data is divided into a plurality of segments, wherein~~ redundancy information for each segment is a copy of the segment ~~copied~~ and each copy of each segment is stored on a different one of the storage units.

15. (Currently Amended) The file system of claim 14, wherein each copy of each segment is randomly or pseudorandomly assigned to one of the plurality of storage units according to a probability distribution defined as a function of relative specifications of the storage units.

16. (Currently Amended) The file system of claim 6, further comprising a computer-readable medium having computer-readable logic stored thereon and defining a segment table accessible by a computer using an indication of a segment of data to retrieve indications of the storage units from the plurality of storage units on which ~~the copies of the~~ each segment is ~~are~~ stored.

17. (Original) The file system of claim 6, wherein the plurality of storage units comprises:

a first storage unit connected to the computer network;

a second storage unit connected to the computer network; and

a third storage unit connected to the computer network.

18. (Currently Amended) A file system for a computer, enabling the computer to access remote independent storage units over a computer network in response to a request, from an application executed on the computer, to store data in one or more files on the storage units, wherein a file includes segments of the data and redundancy information for each segment, and wherein, for each file, the segments and the redundancy information for each segment are distributed among the plurality of storage units, the file system comprising:

means, responsive to the request from the application to store the data in a file, for dividing the data into a plurality of segments, and for associating each segment with an identifier;

means for ~~randomly~~ distributing ~~copies of~~ each segment, and the redundancy information for each segment, among the plurality of storage units by sending to the storage unit the segment of the data and the identifier of the segment;

Page 7 of 13

AVID0000195

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

means for maintaining information, locally accessible by the file system of the computer, associating the identifier of each segment of the file with the storage unit on which the segment is stored; and

means for confirming to the application whether the data is stored.

19. (Currently Amended) The file system of claim 18, wherein the redundancy information for each segment is a copy of the segment, and wherein the means for ~~randomly~~ distributing comprises:

means for selecting, for each segment, at least two of the storage units ~~at random and~~ independent of the storage units selected for other segments; and

means for requesting the selected storage units to store the data for each segment.

A 2

20. (Original) The file system of claim 19, wherein the means for selecting includes means for selecting a subset of the storage units, and means for selecting the at least two of the storage units from among the storage units in the selected subset.

21. (Currently Amended) The file system of claim 19, wherein each copy of each segment is assigned randomly or pseudorandomly to one of the plurality of storage units according to a probability distribution defined as a function of relative specifications of the storage units.

22. (Currently Amended) The file system of claim 18, further comprising a computer-readable medium having computer-readable logic stored thereon and defining a segment table accessible by a computer using an indication of a segment of data to retrieve indications of the storage units from the plurality of storage units on which ~~the copies of the~~ each segment is ~~are~~ stored.

23. (Original) The file system of claim 18, wherein the plurality of storage units comprises:

a first storage unit connected to the computer network;

a second storage unit connected to the computer network; and

a third storage unit connected to the computer network.

24-25. Cancelled.

A

AVID0000196

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

## REMARKS

In response to the Office Action of October 27, 2003, the Applicant submits this Reply. In view of the foregoing amendments and following remarks, reconsideration is requested.

Claims 1-23 remain in this application, of which claims 1, 6 and 18 are independent. No fee for claims is required.

In the foregoing amendments, claims 1-4, 6-7, 10-12, 14-16, 18-19 and 21-22 have been amended. Claims 24-25 have been cancelled.

Claims 9, 11 and 13 were indicated as including allowable subject matter.

The Applicant notes the Examiner's comment concerning the claims originally presented in the parent application 09/006,070. The foregoing amendments and following remarks address the rejection of this Office Action and take into consideration additional rejections made in the prosecution of the parent application.

### Amendments to the Specification

The foregoing amendments add the current status of all related applications mentioned in the patent application and clarify the relationships among the applications.

### Comments in the Office Action Regarding RAID

The Office Action asserts that "one important aspect of the present invention is related to stripping [sic] data of a failed storage into segments to be randomly distributed among a plurality of storage units." Applicant respectfully disagrees. The invention is defined by the claims as a whole. Furthermore, there is no legal significance to characterizing any aspect of an invention as more important than another.

The Office Action also asserts that "[t]his feature" is relatively common in RAID storage systems, and refers to *The RAIDbook* by Massiglia, pages 16-18, 40-44 and 118-121. However, the descriptions of RAID levels 2 through 5 do not provide for "random distribution" of segments of data among storage units.

The Applicant does not understand the significance of the last paragraph of page 3 of the Office Action.

AVID0000197

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

Because no rejection is based on Massiglia or other facts about RAID techniques that were asserted in the Office Action, it is unclear why this information is in the Office Action. Applicant believes no further commentary is required.

## Rejection of Claims 1- 5 Under 35 U.S.C. §§102 and 103

Claims 1-2 and 5 were rejected under 35 U.S.C. §102 in view of so-called Admitted Prior Art ("APA"). Claims 1-2 and 4-5 also were rejected under 35 U.S.C. §102 in view of U.S. Patent 5,933,603 ("Vahalia"). Claim 3 also was rejected under 35 U.S.C. §103 in view of Vahalia and U.S. Patent 5,644,720 ("Boll").

In independent claim 1, as amended, "data is stored on [a] plurality of [independent] storage units in files, wherein each file includes segments of data and redundancy information for each segment, wherein each segment has an identifier." For each file, "the segments and the redundancy information for each segment are distributed among the plurality of storage units." Each storage unit "maintain[s] information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit." Storage units "receiv[e] . . . request[s] from one of the client systems for a segment of a file, wherein a request includes the identifier of the segment of the file." A storage unit, "in response to a request from one of the client systems for a segment of a file, [retrieves] the requested segment of the file from the storage unit using the information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit."

The claimed system, by virtue of its "independent" storage units, avoids global allocation of the available storage. In particular, the storage units are independent because clients are aware of "identifiers" of segments and storage units on which segments are stored. The "location of each segment on [each] storage unit" is maintained at the storage unit on which the segment it is stored.

Further, the claimed system, by virtue of the "independent" storage units, avoids using a central controller to access data. In particular, storage units "receiv[e] . . . request[s] from one of the client systems for a segment of a file." Clients do not issue requests to a central controller that in turn identifies storage units that store the data and issues requests to storage units.

Each storage unit thus operates independently of the other storage units.

AVID0000198

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

In contrast, neither the admitted prior art, nor Boll, nor Vahalia teaches this combination of limitations found in claim 1 as amended.

The admitted prior art (APA) merely teaches a variety of video server systems, and does not teach the combination of limitations noted above.

More particularly, Boll is not relevant to the present invention. Boll deals with distributing transaction requests for multiple clients to multiple servers. In Boll, a client asks a centralized interface 24 to provide access to a server and receives from this interface an identity or connection data for a server to which the client is assigned. The client then performs its transactions with the assigned server. In contrast, the present invention relates to a distributed storage system in which data for a file is distributed among multiple independent storage units. Boll's assignment of a client to a server through a centralized interface for its transaction in contrary to the claim limitations noted above.

Vahalia is used to show a teaching of random distribution of redundancy information and data. However, the portions of the reference on which the Examiner relies have nothing to do with how data is distributed among storage units. Nonetheless, in view of the amendments to the claims, Vahalia does not appear to teach independent storage units from which data is accessed by clients by using identifiers for segments of data, and in which the storage units maintain the information associating segment identifiers with the location where the segment of data is stored on the storage unit.

Accordingly, the rejections of claims 1-5 under 35 U.S.C. §§102 and 103 in view of APA, Vahalia and Boll are traversed.

<u>Rejection of Claims 6-8, 10, 12 and 14-25 Under 35 U.S.C. §103</u>

Claims 6-8, 10, 12 and 14-25, of which claims 6 and 18 are independent, were rejected under 35 U.S.C. §103 in view of Boll and Vahalia. The rejection is respectfully traversed.

Independent claims 6 and 18 have been amended and include limitations similar to those discussed above in connection with claim 1.

Vahalia and Boll were discussed above.

Both claim 6 and claim 18 recite "a file system for a computer," which Boll and Vahalia are not. Further claim 6 recites that "data [is] stored in one or more files on [independent] storage units, wherein a file includes segments of the data and redundancy information for each

Page 11 of 13

AVID0000199

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

segment, wherein each segment has an identifier." For each file, "the segments and the redundancy information for each segment are distributed among the plurality of storage units."

In claim 6, in response to a request from an application to read data from a file, the file system "determin[es], for each segment of the data requested by the application, the storage unit on which the segment is stored." The file system "maintain[s] information, locally accessible by the file system . . ., associating the identifier of each segment of the file with the storage unit on which the segment is stored." The file system then sends "a request, for each segment of the data requested by the application, to the storage unit on which the segment is stored, wherein each request includes the identifier of the segment." Note, the request uses the identifier of the segment, not the location of the segment on the storage unit.

In claim 18, in response to a request from an application to store data in a file, the file system "divid[es] the data into a plurality of segments, and . . . associat[es] each segment with an identifier." Each "segment, and . . . redundancy information for each segment, is distributed among the plurality of storage units by sending to the storage unit the segment of the data and the identifier of the segment." The file system "maintain[s] information, locally accessible by the file system . . ., associating the identifier of each segment of the file with the storage unit on which the segment is stored." Note that each segment of data is sent to a storage unit, along with the identifier of the segment, and the client does not store the segment of data at a location, known to the client, at the storage unit.

Thus, the limitations of each of claims 6 and 18 are such that storage units are independent, avoiding global allocation of storage and centralized control. These limitations are distinguishing over Vahalia and Boll, individually or collectively. Accordingly, the rejection under 35 U.S.C. §103 is traversed.

### Patentability of the Claims Over U.S. Patents 6,138,221, 5,473,362 and Alemany

In the parent application, rejections were made based on U.S. Patent 6,138,221 ("Korst"), U.S. Patent 5,473,362 ("Fitzgerald") and a paper entitled "Random Striping for News on Demand Servers", by Juan Alemany ("Alemany"). The claims as amended herein are patentable over Korst, Fitzgerald and Alemany for reasons similar to those provided above.

In particular, none of these references appears to provide independent storage units in a manner that avoids global allocation of storage and that avoids use of a central controller. More

PAGE 14/15 * RCVD AT 2/6/2004 3:40:51 PM [Eastern Standard Time] * SVR:USPTO-EFXRF-1/1 * DNIS:8729306 * CSID:978 851 7216 * DURATION (mm-ss):06-00

AVID0000200

Appl. No. 10/145,495
Reply Filed: Feb. 6, 2004
Office Action of Oct. 27, 2003

particularly, none of these references appears to have clients that use "identifiers" of segments to request the segments from the storage units on which the segments are stored, where the "location of each segment on [each] storage unit" is maintained at the storage unit on which the segment it is stored, as recited in claim 1 for example. Also, none of these references appears to have storage units that "receiv[e] . . . request[s] from one of the client systems for a segment of a file" where the request includes an identifier of the segment, from which the storage unit obtains the location of the segment on the storage unit to retrieve the data, as recited in claim 1 for example. Similar limitations are recited in claims 6 and 18 as noted above.

Thus, it is believed that the claims are distinguishing over these additional references.

### Allowed Claims

In the Office Action, claims 9, 11 and 13 were indicated as including allowable subject matter.

### CONCLUSION

In view of the foregoing amendments and remarks, this application should now be in condition for allowance. A notice to this effect is respectfully requested. If the Examiner believes, after this reply, that the application is not in condition for allowance, the Examiner is requested to call the Applicants' attorney at the telephone number listed below.

If this response is not considered timely filed and if a request for an extension of time is otherwise absent, Applicants hereby request any necessary extension of time. If there is a fee occasioned by this response, including an extension fee, please charge any fee to **Deposit Account No. 50-0876.**

Respectfully submitted,
Avid Technology, Inc.

By

Peter J. Gordon
Registration No. 35,164
Avid Technology, Inc.
One Park West
Tewksbury, MA 01876
Tel.: (978) 640-6789

Page 13 of 13