IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVID TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 11-1040-GMS-SRF |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HARMONIC INC., | ) |
| | ) **PUBLIC VERSION** |
| Defendant. | ) |

LETTER TO THE HONORABLE SHERRY R. FALLON
FROM DAVID E. MOORE, ESQUIRE

        David E. Moore (#3983)
        Jonathan A. Choa (#5319)
        Bindu A. Palapura (#5370)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000

cc:  Clerk of Court (via hand delivery)    dmoore@potteranderson.com
      Counsel of Record (via electronic mail)  jchoa@potteranderson.com
                                            bpalapura@potteranderson.com

Dated:  February 8, 2013
Public Version Dated: February 15, 2013    *Attorneys for Defendant Harmonic Inc.*
1093486 / 38568


Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

February 8, 2013; Public Version Dated: February 15, 2013

**VIA ELECTRONIC FILING**

The Honorable Sherry R. Fallon
United States District Court for the District of Delaware     **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

    Re: *Avid Technology Inc. v. Harmonic Inc.*, C.A. No. 11-1040-GMS-SRF
        <u>Discovery Teleconference Scheduled for February 12, 2013 at 11:00 a.m.</u>

Dear Magistrate Judge Fallon:

    We represent Defendant Harmonic Inc. ("Harmonic") in this action. Pursuant to the Court's January 29, 2013 Order, we respectfully submit this letter to set forth Harmonic's position on the issues presented by Avid's letter submitted February 7, 2013. This dispute focuses on the accessibility of the Navision database and whether the information is duplicative or may be obtained from less expensive, less burdensome means. Avid, in its letter, neither informs the Court of the information it is requesting nor the information it has received. Harmonic has provided Avid sufficient financial information from which Avid can calculate the information it is requesting. Moreover, accessing the Navision database is unduly burdensome.

    **Background.** The Navision database is written in a proprietary language that is based on SQL and Pascal, but is not in fact written in either of those languages. The Navision database is difficult to access and requires specialized skills. Its accessibility also depends upon the version of Navision used as Navision was at one point acquired by Microsoft and the user interface changed.

    Harmonic has never used the Navision database and has no knowledge or experience with the Navision database. Moreover, the information contained in the Navision database remains largely inaccessible to Harmonic. It requires specialized skills to access information from the Navision database and most of the people with those skills either left Omneon or left Harmonic following the acquisition. There are currently only two people at Harmonic who have any knowledge about the Navision database, but they do not have the requisite knowledge to access the information requested by Avid.

The Honorable Sherry R. Fallon
February 8, 2013; Public Version Dated: February 15, 2013
Page 2

Despite this, Harmonic has already provided a significant amount of information from the Navision database. ███████████████████████████████████████████████████████

███████ Accordingly, Harmonic has the sales information from the Navision database that Omneon had pulled in the ordinary course of business. Given that the sales information from the Navision database was available and the Navision database was online, it was not known at the time of the initial disclosures that the Navision database was inaccessible. It was not until Harmonic started to investigate accessing additional information from the Navision database that the difficulties with the Navision database became apparent.

**Issue Raised.** Besides stating that it wants access to the Navision database, it is unclear the specific information Avid is seeking. Presumably, Avid is requesting quantity information for the accused products from 2006-2010. Avid has represented to Harmonic that this information is relevant to Avid's lost profits case. In addition to the general inaccessibility of the Navision database, however, Navision does not track unit sales or quantity information. Omneon was not a public company and was under no obligation to track information in the manner required by public companies. ███████████████████████████ Based on the information provided by those employees familiar with the Navision database, it is unlikely Avid will be able to get the exact information is it is requesting.

Despite the fact that Harmonic never agreed to produce this information and Avid never requested a meet and confer on the scope of documents Harmonic agreed to produce in response to Avid's RFPs, Harmonic has tried to address Avid's concerns. Harmonic reached out to a number of vendors to request quotes. As stated above, accessing the Navision database requires experience specifically with Navision as the software is proprietary and highly customizable, so the number of potential vendors is limited. Only Deloitte responded. ██████████ ███████████████████████████████████████████████████ Harmonic is willing to make the Navision database available if Avid is willing to pay the cost of Deloitte gathering and preparing the requested information.

In addition to reaching out to vendors for quotes, Harmonic also undertook an extensive search for price lists. The search for the price lists went beyond the scope of a reasonable search. ███████████████████ Using these price lists, Avid can calculate a reasonable estimate of the quantity information it is requesting from the sales information already produced by Harmonic. Further, there is no indication that the information from Navision will be any more accurate than use of the price lists. The Navision database was not set-up to correlate units shipped to revenue, and it is unclear at this time what steps must be taken to make that correlation, what assumptions must be made, or whether it is even feasible.

Harmonic has further offered that if Avid wanted to work with a neutral third party vendor of Avid's choosing in order to get a second opinion on retrieving the units shipped information from the Navision database, Harmonic would work with Avid to make sure the

The Honorable Sherry R. Fallon
February 8, 2013; Public Version Dated: February 15, 2013
Page 3

vendor had the necessary information. Every indication Harmonic has received on this issue indicates this is more complicated than Avid has been led to believe and is not something that can be accomplished in a day or two. Further, given the sensitivity of the information contained in the Navision database, Harmonic believes it is important that access be limited to a neutral third party vendor and Harmonic will not agree to allow Avid's damages expert or someone retained by Avid to assist with the expert report access to the Navision database.

As Harmonic has provided Avid with the information necessary to calculate the requested quantity information, requiring Harmonic provide the information from the Navision database is unduly burdensome. The Navision information is duplicative and may be obtained from information already produced or available from another source that is more convenient, less burdensome, and less expensive. Further, Avid has not demonstrated the benefit from the requested discovery outweighs the burden and expense to Harmonic.

**Requested Relief.** For the foregoing reasons, Harmonic respectfully requests that the Court find Avid's request unduly burdensome.

Respectfully,

/s/ *David E. Moore*

David E. Moore

DEM:nmt
1093486/38568

cc:   Clerk of Court (via hand delivery)
      Counsel of Record (via electronic mail)