IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1040-GMS |
| | ) | |
| HARMONIC INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AVID TECHNOLOGY, INC.'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO PREVENT DEFENDANT FROM
REARGUING CLAIM CONSTRUCTION AND/OR FROM
<u>ARGUING CLAIM CONSTRUCTION TO THE JURY</u>**

The Court in March 2013 issued a claim construction ruling which stated "The term 'independent storage units' is construed to mean 'storage units which are not centrally controlled and whose memory addresses are not globally allocated.'" Harmonic apparently believes that, given certain comments made in a footnote in that ruling, the Court should have written its claim construction differently.  But it didn't.  Yet Harmonic now seeks to proceed as if it had.

Harmonic tries to suggest that if Avid had a problem with what Harmonic was doing, Avid should have raised the issue with the Court sooner.  But the record fails to support Harmonic's claim:

- Harmonic points to its expert's report, but that report was written before claim construction had been ruled upon, and Avid had no reason to believe that the expert thereafter would continue to advance constructions that differed from the Court's ruling.

- When Harmonic sought to advance this position in its request for leave to move for summary judgment, Avid did in fact oppose it, and leave to move for summary judgment was denied.

- When Harmonic tendered its proposed jury instructions for the November 22, 2013 Pretrial Order, those instructions contained no hint of the position Harmonic now seeks to advance.  (Exh. C)

- When Harmonic then sought to amend its proposed jury instructions on December 9, 2013, after it was denied leave to move for summary judgment on December 6, 2013, so as to include this issue in them for the first time, Avid did oppose this effort. Avid raised the issue in meet-and-confer discussions and at the December 23, 2013 pretrial conference, where the Court noted the parties' then-apparent resolution of this issue when Avid disavowed raising the Doctrine of Equivalents with respect to the "independent storage units" term (Tr. [D.I. 141] at 56:18-20).

Avid was therefore taken quite aback to find that this issue had once again risen from the dead, and that Harmonic in fact planned to argue it to the jury in its opening statement, as shown by the demonstratives it tendered at 7:00 p.m. last night.

That the Court's actual claim construction ruling was not worded as Harmonic would have preferred cannot be brushed aside as some careless oversight. Rather, the wording of the ruling accords with the maxim that "claim language should [] be resolved in a manner that would preserve the patent's validity." *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).[1] Harmonic's proposed construction would render meaningless claims 4 and 19 of the '309 patent, which expressly provide for the very thing that Harmonic's proposed rewriting of the claim construction would exclude.[2]

In any event, matters such as these are issues of law for the Court. *See , e.g., CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). Discussions of claim construction based on prior art references are not a topic for the jury, much less for opening statements[3]. Harmonic's proposed opening statement demonstratives are designed not for a jury

---

[1] S*ee also Klein v. Russell*, 86 U.S. 433 (1873).

[2] Harmonic consistently ignores the statement the patent applicants made during prosecution, which the Court quotes and is consistent with claims 4 and 19 of the '309 patent: "Clients do not issue requests to a *central controller that* in turn identifies storage units that store the data *and issues requests to the storage units*."

[3] While resolving questions of claim scope is the entire purpose of the claim construction process, Harmonic argues that it is free to re-raise at trial questions of claim scope under the guise of prosecution history disclaimer, even though its arguments are based entirely on the same information and theories employed during the claim construction process. *See Cytologix* at 1173

trial but for the Court in a *Markman* hearing. They are improper and should not be presented to the jury at the start of this trial. That is why, hours after first receiving them, Avid filed its motion. Avid's motion should be granted.

                                        Respectfully submitted,

                                        */s/ John W. Shaw*
                                        John W. Shaw (No. 3362)

OF COUNSEL:                         SHAW KELLER LLP
Robert A. Schwinger              300 Delaware Avenue, Suite 1120
Tod M. Melgar                     Wilmington, DE 19801
Michael S. Davi                   (302) 298-0700
CHADBOURNE & PARKE LLP       jshaw@shawkeller.com
30 Rockefeller Plaza              *Attorneys for Avid Technology, Inc.*
New York, NY 10112
(212) 408-5100

David H. Evans
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 974-5600

Dated: January 22, 2014

---

(addressing prosecution history disclaimer as a part of its claim construction analysis). A party that wants to limit claim scope should have placed its arguments front and center during the *Markman* process, rather than arguing about the meaning of the Court's explanatory reasoning in front of the jury.

# Exhibit C

Case 1:11-cv-01040-GMS   Document 146   Filed 01/22/14   Page 5 of 9 PageID #: 4612

Avid Technology, Inc. v. Harmonic Inc., No. 11-1040-GMS
**PTO Schedule I(ii) —** *Proposed Jury Instructions*
*(Section Showing Harmonic's Proposed Instructions with Avid's Objections Thereto)*

**3.4. CLAIM INTERPRETATION**

I will now explain to you the meaning of some of the words of the claims in this case. In doing so, I will explain some of the requirements of the claims. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words in the claim for which I have not provided you with a definition, you should apply their common meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide.

| Claim Term | Court's Construction |
|---|---|
| "independent storage units" | "storage units which are not centrally controlled and whose memory addresses are not globally allocated" |
| "redundancy information" | "at least a copy of a segment" but may also include "information sufficient to recreate a segment" |
| "nonsequentially" | plain and ordinary meaning |
| "identifier," "identifier of each segment," "identifier of the segment," "identifier of a segment," and "identifier of the requested segment" | plain and ordinary meaning |
| "means, operative in response to a request from one of the client systems, for retrieving the requested segment of the file from the storage unit using the information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit" | Function: retrieving the requested segment of the file from the storage unit using the information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit<br><br>Structure: a memory system on the storage unit (col. 12, lines 37-61); a table stored in the memory system, the table mapping a unique segment identifier for each segment to the location of that segment on the storage unit (col. 10, lines 46-50); a processor or independent controller on the storage unit (col. 11, lines 54-67), issuing program instructions to cause, for each request, the storage unit to transfer data between the disk and the buffer indicated by the request (col. 24, lines 22-29) |

Case 1:11-cv-01040-GMS   Document 146   Filed 01/22/14   Page 6 of 9 PageID #: 4613

Avid Technology, Inc. v. Harmonic Inc., No. 11-1040-GMS
**PTO Schedule I(ii) — *Proposed Jury Instructions***
*(Section Showing Harmonic's Proposed Instructions with Avid's Objections Thereto)*

| Claim Term | Court's Construction |
|---|---|
| "means for sending the requested segment to the client system" | Function: sending the requested segment to the client system<br><br>Structure: a network interface at the storage unit (col. 11, lines 33-36); a processor or independent controller on the storage unit (col. 11, lines 54-67), issuing program instructions to transfer data from the disk queue to the network queue (col. 24, lines 27-29) |
| "means for sending a request, for each segment of the data requested by the application, to the storage unit on which the segment is stored" | Function: sending a request, for each segment of the data requested by the application, to the storage unit on which the segment is stored<br><br>Structure: a network interface at the client system (col. 11, lines 33-36); a processor or independent controller on the client system (col. 11, lines 54-67), configured to issue program instructions to cause the network interface to send the read request to the storage unit (Fig. 16 (step 274) and col. 21, lines 17-20) |
| "means for selecting one of the storage units on which the segment is stored such that a load of requests on the plurality of storage units is substantially balanced" | Function: selecting one of the storage units on which the segment is stored such that a load of requests on the plurality of storage units is substantially balanced<br><br>Structure: a processor or independent controller on the client system (col. 11, lines 54-67), issuing a program instruction to implement the algorithm in Fig. 17 and described in Col. 23:6-32 |
| "means for scheduling the transfer of data from the storage unit such that the storage unit efficiently transfers data" | Function: scheduling the transfer of data from the storage unit such that the storage unit efficiently transfers data<br><br>Structure: a processor or independent controller on the client system (col. 11, lines 54-67), issuing program instructions to submit a request to a storage unit to cause it to transfer requested data from a disk buffer into a network queue (col. 8, lines 5-24) |
| "means for distributing each segment, and the redundancy information for each segment, among the plurality of storage units by sending to the storage unit the segment, among the plurality of storage units by | Function: distributing each segment, and the redundancy information for each segment, among the plurality of storage units by sending to the storage unit the segment of the data and the identifier of segment<br><br>Structure: a network interface at the client system (col. 11, lines 33-36); a processor or independent controller on the |

Case 1:11-cv-01040-GMS   Document 146   Filed 01/22/14   Page 7 of 9 PageID #: 4614

Avid Technology, Inc. v. Harmonic Inc., No. 11-1040-GMS
PTO Schedule I(ii) — *Proposed Jury Instructions*
*(Section Showing Harmonic's Proposed Instructions with Avid's Objections Thereto)*

| Claim Term | Court's Construction |
|---|---|
| "sending to the storage unit the segment of the data and the identifier of the segment" | client system (col. 11, lines 54-67), issuing program instructions to cause the network interface to send one or more write requests to the storage units for the segment and its copy (Fig. 3 (step 124), Fig. 6 (step 214)) |

I also instruct you that the parties have agreed that the following claim terms have the following definitions:

| Claim Term | Agreed Construction |
|---|---|
| "Selecting . . . independent of the storage units selected for other segments" | selecting at least two storage units for each segment (including redundancy information) without taking into consideration the storage units where other segments have been stored |
| "Shortest estimated time for servicing the request" | the estimated time for servicing a request is lowest among all participating storage elements or devices |
| "In response to a request, from an application executed on the computer" | in response to a request from software executed on the computer |
| "Segment table" | a table mapping the segment identifier to the storage units where the segment is stored |
| "Catalog" | multiple segment tables stored together |
| "means for maintaining information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit" | Function: maintaining information associating the identifier of each segment stored on the storage unit with the location of each segment on the storage unit<br><br>Structure: a memory system on the storage unit (e.g., col. 12, lines 37-61); a table stored in the memory system, the table mapping a unique segment identifier for each segment to the location of that segment on the storage unit (e.g., col. 10, lines 46-50) |
| "means for receiving a request from one of the client systems for a segment of a file" | Function: receiving a request from one of the client systems for a segment of a file<br><br>Structure: network interface at the storage unit (e.g., col. 11, lines 33-36); a processor or independent controller on the storage unit (e.g., col. 11, lines 54-67), issuing program instructions to communicate with the network interface to receive requests for access, including but not limited to read and write access, to data stored on the |

Case 1:11-cv-01040-GMS   Document 146   Filed 01/22/14   Page 8 of 9 PageID #: 4615

Avid Technology, Inc. v. Harmonic Inc., No. 11-1040-GMS
**PTO Schedule I(ii) —** *Proposed Jury Instructions*
*(Section Showing Harmonic's Proposed Instructions with Avid's Objections Thereto)*

| **Claim Term** | **Agreed Construction** |
|---|---|
| | medium (e.g., col. 6, lines 30-33) |
| "means, responsive to the request from the application to read data from a file, for determining, for each segment of the data requested by the application the storage unit on which the segment is stored" | Function: determining, for each segment of the data requested by the application the storage unit on which the segment is stored<br><br>Structure: a processor or independent controller on the client system (e.g., col. 11, lines 54-67), issuing program instructions to obtain the segment table for each source or file, which lists the segment identifiers and the storage units on which the segments are stored (e.g., col. 7, lines 55-58) |
| "means for receiving each segment requested from the storage units" | Function: receiving each segment requested from the storage units<br><br>Structure: network interface at the client system (e.g., col. 11, lines 33-36); a processor or independent controller on the client system (e.g., col. 11, lines 54-67), issuing program instructions to cause the network interface to receive, at a client memory, requested data from the storage unit (e.g., Fig. 20 (518), col. 25, lines 44-45) |
| "means for maintaining information, locally accessible by the file system of the computer, associating the identifier of each segment of the file with the storage unit on which the segment is stored" | Function: maintaining information, locally accessible by the file system of the computer, associating the identifier of each segment of the file with the storage unit on which the segment is stored<br><br>Structure: a memory system at the client system (e.g., col. 12, lines 37-61) storing a table listing the segment identifiers and the storage units on which the segments are stored (e.g., col. 7, lines 55-58) |
| "means, responsive to the request from the application to store the data in a file, for dividing the data into a plurality of segments and for associating each segment with an identifier" | Function: dividing the data into a plurality of segments and for associating each segment with an identifier<br><br>Structure: a processor or independent controller on the client system (e.g., col. 11, lines 54-67), issuing program instructions, in response to a request from the application to store data in a file, to cause the file data to be divided into segments, each associated with an offset within the file (e.g., Fig. 3 (121), col. 8, line 43 - col. 9, line 12) and with a unique identifier (e.g., col. 7, lines 47-55) |
| "means for selecting the at least two of the storage units from among the storage units in the selected subset" | Function: selecting the at least two of the storage units from among the storage units in the selected subset<br><br>Structure: a processor or independent controller on the client system (e.g., col. 11, lines 54-67), configured to initiate random or pseudorandom selection of two or |

Case 1:11-cv-01040-GMS Document 146 Filed 01/22/14 Page 9 of 9 PageID #: 4616

Avid Technology, Inc. v. Harmonic Inc., No. 11-1040-GMS
**PTO Schedule I(ii) — *Proposed Jury Instructions***
*(Section Showing Harmonic's Proposed Instructions with Avid's Objections Thereto)*

| Claim Term | Agreed Construction |
|---|---|
| | more storage units from the subset of all available storage units (e.g., col. 9, lines 13-20) |

AUTHORITY

Federal Circuit Bar Association Model Patent Jury Instructions, § 2.3 (February 2013).

AVID'S OBJECTIONS

- Harmonic's instruction may confuse the jury to the extent it references a "common meaning" of claim terms. Consistent with Chief Judge Sleet's claim constructions in this case and language previously approved by Chief Judge Sleet in prior cases (Finjan and CNH America[3]), Avid's instruction (Avid 3.2.1) discuss the concept of the "plain and ordinary meaning" of claim terms.

- Harmonic's proposed instruction fails to adequately describe the concept of the "plain and ordinary meaning" of claim limitations. In contrast, Avid's instruction (Avid 3.2.1) includes an explanation of this concept using language already approved by Chief Judge Sleet in prior cases (Finjan).

- Harmonic's proposed instruction fails to instruct the jury that they must ignore claim term definitions used by witnesses or attorneys that differ from the ones given by the Court.

---

[3] *CNH America LLC and Blue Leaf I.P., Inc. v. Kinze Mfg., Inc.* (Dist. Del., Civil Action No. 08-945-GMS) (D.I. 301) (2/10/11)