IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVID TECHNOLOGY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1040-GMS |
| | ) | |
| HARMONIC INC., | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM

We, the jury, having duly deliberated on the evidence presented by the parties, answer the interrogatories posed by the Court as follows:

I. **INFRINGEMENT**

   1. *Direct Infringement*

   Did Avid prove by a preponderance of the evidence that Harmonic directly infringed any of the asserted claims of U.S. Patent No. 6,760,808 or U.S. Patent No. 7,487,309?

   YES _____ (for Avid)          NO ___✓___ (for Harmonic)

   If you answered "Yes" to Question 1, please mark the claims you found to be infringed:

   U.S. Patent No. 6,760,808

   | | | |
   |---|---|---|
   | Claim 1: _____ | Claim 4: _____ | Claim 5: _____ |
   | Claim 18: _____ | Claim 19: _____ | Claim 22: _____ |
   | Claim 23: _____ | | |

   U.S. Patent No. 7,487,309

   | | | |
   |---|---|---|
   | Claim 16: _____ | Claim 17: _____ | Claim 18: _____ |
   | Claim 19: _____ | Claim 31: _____ | Claim 36: _____ |
   | Claim 38: _____ | | |

   **Please go to Question 2.**

2. *Indirect Infringement – Active Inducement*

For the time period before the third week of June 2010, did Avid prove by a preponderance of the evidence that Harmonic actively induced infringement of any of the asserted claims of U.S. Patent No. 6,760,808 or U.S. Patent No. 7,487,309?

    YES _____ (for Avid)      NO __✓__ (for Harmonic)

If you answered "Yes" to Question 2, please mark the claims you found to be infringed:

U.S. Patent No. 6,760,808

| | | |
|---|---|---|
| Claim 1: _____ | Claim 4: _____ | Claim 5: _____ |
| Claim 18: _____ | Claim 19: _____ | Claim 22: _____ |
| Claim 23: _____ | | |

U.S. Patent No. 7,487,309

| | | |
|---|---|---|
| Claim 16: _____ | Claim 17: _____ | Claim 18: _____ |
| Claim 19: _____ | Claim 31: _____ | Claim 36: _____ |
| Claim 38: _____ | | |

**Please go to Question 3.**

3

3. *Indirect Infringement – Contributory Infringement*

**Did Avid prove by a preponderance of the evidence that Harmonic contributed to the infringement of any of the asserted claims of U.S. Patent No. 6,760,808 or U.S. Patent No. 7,487,309?**

YES \_\_\_\_\_ (for Avid)     NO __✓__ (for Harmonic)

If you answered "Yes" to Question 3, please mark the claims you found to be infringed:

U.S. Patent No. 6,760,808

| | | |
|---|---|---|
| Claim 1: \_\_\_\_\_ | Claim 4: \_\_\_\_\_ | Claim 5: \_\_\_\_\_ |
| Claim 18: \_\_\_\_\_ | Claim 19: \_\_\_\_\_ | Claim 22: \_\_\_\_\_ |
| Claim 23: \_\_\_\_\_ | | |

U.S. Patent No. 7,487,309

| | | |
|---|---|---|
| Claim 16: \_\_\_\_\_ | Claim 17: \_\_\_\_\_ | Claim 18: \_\_\_\_\_ |
| Claim 19: \_\_\_\_\_ | Claim 31: \_\_\_\_\_ | Claim 36: \_\_\_\_\_ |
| Claim 38: \_\_\_\_\_ | | |

**Please go to Question 4.**

4

II. **INVALIDITY**

    4. *Anticipation*

    Did Harmonic prove by clear and convincing evidence that any of the following claims of U.S. Patent No. 6,760,808 or U.S. Patent No. 7,487,309 are anticipated by the Farber patent?

    YES _____ (for Harmonic)      NO \_\_✓\_\_ (for Avid)

    If you answered "Yes" to Question 4, please mark the claims you found to be anticipated:

U.S. Patent No. 6,760,808

| | | |
|---|---|---|
| Claim 1: \_\_\_\_ | Claim 4: \_\_\_\_ | Claim 5: \_\_\_\_ |
| Claim 18: \_\_\_\_ | Claim 22: \_\_\_\_ | Claim 23: \_\_\_\_ |

U.S. Patent No. 7,487,309

| | |
|---|---|
| Claim 31: \_\_\_\_ | Claim 38: \_\_\_\_ |

**Please go to Question 5.**

5. *Obviousness*

**Did Harmonic prove by clear and convincing evidence that any of the following claims of U.S. Patent No. 6,760,808 or U.S. Patent No. 7,487,309 are obvious in light of the Farber patent and/or the Farber patent in combination with the Miller reference?**

      YES \_\_\_\_\_ (for Harmonic)        NO __✓__ (for Avid)

If you answered "Yes" to Question 5, please mark the claims you found to be obvious:

                              U.S. Patent No. 6,760,808

Claim 19: \_\_\_\_\_

                              U.S. Patent No. 7,487,309

Claim 16: \_\_\_\_\_      Claim 17: \_\_\_\_\_      Claim 18: \_\_\_\_\_
Claim 19: \_\_\_\_\_      Claim 36: \_\_\_\_\_

**After answering Questions 4 and 5, please refer to your answers to Questions 1, 2, and 3. If you answered "No" to Question 1, Question 2, AND Question 3, please STOP, sign and date the verdict form, and return it to the Court.**

**Otherwise, please go to Section III.**

III. **Damages**

Complete this Section III (Damages) ONLY if you answered "YES" for one or more claims in Questions 1, 2, or 3 (Infringement) and you answered "NO" for the same claim(s) in response to both Question 4 and Question 5 (Invalidity).

Avid is not seeking damages for induced infringement for the time period after the third week of June 2010. For direct infringement and contributory infringement, this time limitation does not apply.

6. What amount of damages, if any, did Avid prove by a preponderance of evidence?

$_____

What amount, if any, of the award listed in your answer above includes lost profits?

$_____

What amount, if any, of the award listed in your answer above includes convoyed sales?

$_____

7. **Willful Infringement**

Did Avid prove by clear and convincing evidence that any infringement before the third week of June 2010 was willful?

YES _____    NO _____

Please date and sign the Verdict Form, and return it to the Court.

Dated: February 4 2014          _____
                                Foreperson

7

REDACTED