IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVID TECHNOLOGY, INC., ) <br> ) <br> Plaintiff. ) <br> ) <br> v. ) <br> ) <br> HARMONIC INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 11-1040-GMS |

## ORDER CONSTRUING THE TERMS OF U.S. PATENT NOS. 6,760,808 and 7,487,309

After considering the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent Nos. 6,760,808 ("the '808 patent") and 7,487,309 ("the '309 patent"):

1. The "**in files**" limitation is construed to refer a client-perspective file system, in which client files are stored on a plurality of storage units by distributing, for each file, segments [and redundancy information for each segment] among the plurality of storage units.[1]

---

[1] The court addresses the scope of this claim limitation on remand from the Federal Circuit. In its review, the Federal Circuit framed the outstanding claim construction issue as follows:
> "On its face, the 'file' language might refer to what the client treats as a 'file,' such as a scene from a movie, to be broken up into segments that are then distributed among storage units. . . . Alternatively, the word 'file' might refer to a feature of an organization system of the storage units themselves, perhaps with a single 'file' at the storage-unit level including segments coming from different client files, i.e., from different movies."

*Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1048–49 (Fed. Cir. 2016). The plaintiff maintains that this limitation refers to the client-perspective file, while the defendant argues that the proper construction is the storage-unit file system.

According to defendant, the "in files" limitation is directed to a single embodiment that requires each storage unit to include a file system. '808 patent at Figure 4; 10:37–60. The plaintiff agrees that the claims cover a storage-unit file system, but argues that the invention is not limited to that embodiment. Rather, the client-perspective file system is the *main* embodiment. The court finds that the intrinsic record better supports the plaintiff's proposed construction. The specification refers to the client-perspective file

Case 1:11-cv-01040-GMS   Document 211   Filed 06/29/16   Page 2 of 2 PageID #: 7858

Dated: June 29, 2016

_____
UNITED STATES DISTRICT JUDGE

---

system as an aspect of "the present invention," '808 patent at 13:20, but the storage-unit-side file system is only an optional embodiment. '808 patent at 14:1-5 ("The storage unit *may* have its own file system which *may* be entirely separate from the client file system.")(emphasis added). Throughout the claims and specification, the patent focuses on segments of data stored on the storage units, not in files. *See* '808 patent at 6:1–12; claim 1. The court agrees with the plaintiff that the defendant's construction would read out the preferred embodiment.

The defendant also argues that the patentee disclaimed the client-perspective file system during prosecution. The defendant has a high burden to prove prosecution disclaimer applies. Any disavowing statements must be "both clear and unmistakable." *Avid Tech. Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045 (Fed. Cir. 2016). This means that prosecution disclaimer does not apply to a statement that is ambiguous or amenable to multiple reasonable interpretations. *Id.* To support its argument, the defendant notes that the examiner rejected the patentee's claims based on the Vahalia reference, explaining that Vahalia taught a system "wherein segments of data and corresponding redundancy information . . . are distributed among the plurality of storage units." In response, the patentee explained that Vahalia had "nothing to do with how data is distributed among the storage units," and distinguished Vahalia based on other claim amendments. (D.I. 86-4 at 11.) In that same response, the patentee distinguished its invention from another prior art reference, Boll, by noting "the present invention relates to a distributed storage system in which data for a file is distributed among multiple independent storage units." (*Id.*) This is far from an unmistakable disclaimer of claim scope. Accordingly, the court adopts the plaintiff's construction.